TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00043-CV






Simplex Electric Corp., Appellant



v.



Warren Holcomb, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 95-15775, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 






 Appellant Simplex Electric Corporation challenges a district court judgment affirming a
Texas Workers' Compensation Commission appeals panel decision which concluded that Simplex did not
have standing to dispute the compensability of a claim pursuant to Texas Labor Code section
409.011(b)(4). Tex. Lab. Code Ann. § 409.011(b)(4) (West 1996). We will affirm the district court's
judgment.


THE DISPUTE


 Appellee Warren Holcomb, who had previously worked for Simplex for five years,
returned to its employ in July 1992. In August 1992, he suffered a series of stress-related disorders. He
allegedly suffered a heart attack on August 26, 1992. He soon left the job because he was unable to
perform his duties. 

 Holcomb filed a claim for workers' compensation benefits with the Texas Workers'
Compensation Commission on December 16, 1994. The Commission notified Simplex of the claim on
January 5, 1995. Simplex gave its carrier notice of the claim, which the carrier received on or about
January 9, 1995. Under Texas Labor Code section 409.021, the carrier had sixty days, or until March
10, 1995, in which to contest compensability. Although the carrier's records showed it had contested
compensability in January 1995, the Commission did not receive notice of its contest.

 Simplex called its carrier in April 1995, when it received notice of the first benefit review
conference. The carrier assured Simplex that it was "taking care" of everything. The carrier attended the
conference and attempted to contest the issue of compensability. 

 On June 21, 1995, the carrier informed Simplex for the first time that it had never formally
contested compensability. That same day, Simplex completed and mailed to the Commission its challenge
to the compensability of the claimed injury. Simplex appeared at a benefits review conference on June 28,
1995, seeking to invoke its right under Texas Labor Code section 409.011(b)(4) to contest compensability
on the ground that its carrier had accepted liability for the payment of benefits.

 The hearings examiner held that Simplex did not have standing to challenge compensability
because its carrier had missed the statutory deadline. Simplex and its carrier appealed that decision to a
Texas Workers' Compensation Commission appeals panel, which upheld the examiner's conclusion. 
Simplex then sought review of the appeals panel's decision by a district court. Tex. Lab. Code Ann. §
410.251 (West 1996). The district court affirmed the decision of the appeals panel, and this appeal
ensued.


ANALYSIS


 By a single point of error, Simplex argues that as a matter of law, the district court erred
in affirming the appeals panel decision concluding that Simplex did not have standing to contest the
compensability of a claim pursuant to Texas Labor Code section 409.011(b)(4). The two statutes relevant
to this appeal are Texas Labor Code sections 409.011 and 409.021(a). Texas Labor Code section
409.011 provides:


(a) Immediately on receiving notice of an injury or death from any person, the commission
shall mail to the employer a description of:

 (1) the services provided by the commission;

 (2) the commission's procedures, and

 (3) the employer's rights and responsibilities under this subtitle.

 (B) the information must include a clear statement of the following rights of the
employer:


(b) The information must include a clear statement of the following rights of the employer:


 (4) the right to contest the compensability of an injury if the insurance carrier
accepts liability for the payment of benefits . . . 



Tex. Lab. Code Ann. § 409.011(a), (b)(4) (West 1996) (emphasis added).

 Section 409.021 provides:

(a) An insurance carrier shall initiate compensation under this subtitle promptly. 
Not later than the seventh day after the date on which an insurance carrier receives written
notice of an injury, the insurance carrier shall:


 (1) begin the payment of benefits as required by this subtitle; or

 (2) notify the commission and the employee in writing of its refusal to pay
and advise the employee of:

 (A) the right to request a benefit review conference; and

 (B) the means to obtain additional information from the commission.

 . . . 

(c) If an insurance carrier does not contest the compensability of an injury on or
before the 60th day after the date on which the insurance carrier is notified of the
injury, the insurance carrier waives its right to contest compensability. 


Tex. Lab. Code Ann. § 409.021(a),(c) (West 1996) (emphasis added). 

 Our ultimate goal in construing a statute is to effectuate the legislature's intent. Union
Bankers Ins. Co. v. Shelton, 889 S.W.2d 278, 280 (Tex. 1994). We resort to rules of construction only
when the statute in question is ambiguous. Ex parte Roloff, 510 S.W.2d 913, 915 (Tex. 1974). The
construction of a statute by an agency charged with its execution is entitled to serious consideration so long
as the construction is reasonable and does not contradict the plain language of the statute. Tarrant
Appraisal Dist. v. Moore, 845 S.W.2d 820, 823 (Tex.1993); see also Tex. Gov't Code Ann. §
311.023(6) (West 1988). 

 At issue is the agency's decision that the carrier's inadvertent failure to contest
compensability by the sixty-day deadline does not give rise to the employer's right to contest
compensability. The appeals panel decision stated that the employer is not the "alter-ego" of the carrier
and that to allow the employer to challenge compensability after its carrier had inadvertently missed the
sixty-day deadline "would permit the employer to act as a safety net for the inaction of the carrier and
sanction an easy circumvention by the carrier of its obligation under section 409.021 to initiate benefits or
to timely contest compensability." 

 The appeals panel's interpretation does not contradict the statutory language. Section
409.011(b)(4) does not state that it gives the right to challenge compensability even if the insurance carrier
fails to challenge compensability by the statutory deadline. The legislature could have so written, had it
chosen to do so. For example, in section 409.011(6), the legislature explicitly provided that an employer
has the right to contest the insurance carrier's failure to provide accident prevention services required
under subchapter E of Chapter 411. Tex. Lab. Code Ann. §§ 409.011(6); 411.061-.068.

 Instead, the legislature stated that the employer's right arose only if the carrier chose to
"accept" liability. To "accept" means "to make an affirmative or favorable response to . . . [to] undertake
the responsibility of." Webster's Third New International Dictionary 10-11 (Philip B. Gove ed., 1986);
see also LeLeaux v. Hamshire-Fannet Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992) ("use"
involves positive action). We hold that an inadvertent failure to act is not an acceptance.

 Further, all sections of an act should be harmonized and given effect, if possible. Sayre v.
Mullins, 681 S.W.2d 25, 27-28 (Tex. 1984). The apparent purpose of section 409.021 is to limit to sixty
days the time in which to challenge the compensability of an injury. To allow the employer to challenge
compensability after the sixty-day deadline has expired, in this case three months after the deadline expired,
would contravene the purpose of the sixty-day limitations period.

 Simplex cites an excerpt from a treatise on the 1989 Texas Workers' Compensation Act 
to support its argument that an employer may contest compensability even if its carrier has inadvertently
missed the sixty-day deadline:


The employer's right to contest compensability may be exercised when the carrier either
accepts liability or fails to contest compensability within 60 days from the date the carrier
receives notice of the injury, thereby waiving its right to do so.


John T. Montford, Will G. Barber, and Robert L. Duncan, A Guide to Texas Workers' Comp Reform,
§ 5.46 (Butterworth 1991) (hereinafter "Montford"); Act of December 11, 1989, 71st Leg., 2d C.S., ch.
1, § 5.10, 1989 Tex. Gen. Laws 1, 50. The treatise is obviously not binding on this Court. See General
Chemical Corp. v. De La Lastra, 852 S.W.2d 916, 923 (Tex. 1993). However, we note that the
authors continue by observing that although the workers' compensation act does not state how or when
the employer should exercise its rights, the treatise suggests that an employer should protect itself by filing
a challenge to a questionable claim within the sixty day period. Further, the treatise posits that the purpose
of according the employer the right to challenge compensability is that the carrier may have greater incentive
to pay or settle a questionable claim to protect itself from exposure to damages for a bad-faith failure to
pay a claim. Montford at § 5-46; see generally Aranda v. Insurance Co. of N. Am., 748 S.W.2d 210
(Tex. 1988) (workers' compensation carrier owes duty to deal fairly and in good faith with injured
employee). That purpose is not implicated by the insurer's inadvertent failure to file within the sixty-day
time period.


 Because we conclude that the agency's decision is reasonable and does not contradict the
plain language of the statute, we overrule Simplex's single point of error. We affirm the district court's
judgment.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 3, 1997

Publish



ntradict the plain language of the statute. Tarrant
Appraisal Dist. v. Moore, 845 S.W.2d 820, 823 (Tex.1993); see also Tex. Gov't Code Ann. §
311.023(6) (West 1988). 

 At issue is the agency's decision that the carrier's inadvertent failure to contest
compensability by the sixty-day deadline does not give rise to the employer's right to contest
compensability. The appeals panel decision stated that the employer is not the "alter-ego" of the carrier
and that to allow the employer to challenge compensability after its carrier had inadvertently missed the
sixty-day deadline "would permit the employer to act as a safety net for the inaction of the carrier and
sanction an easy circumvention by the carrier of its obligation under section 409.021 to initiate benefits or
to timely contest compensability." 

 The appeals panel's interpretation does not contradict the statutory language. Section
409.011(b)(4) does not state that it gives the right to challenge compensability even if the insurance carrier
fails to challenge compensability by the statutory deadline. The legislature could have so written, had it
chosen to do so. For example, in section 409.011(6), the legislature explicitly provided that an employer
has the right to contest the insurance carrier's failure to provide accident prevention services required
under subchapter E of Chapter 411. Tex. Lab. Code Ann. §§ 409.011(6); 411.061-.068.

 Instead, the legislature stated that the employer's right arose only if the carrier chose to
"accept" liability. To "accept" means "to make an affirmative or favorable response to . . . [to] undertake
the responsibility of." Webster's Third New International Dictionary 10-11 (Philip B. Gove ed., 1986);
see also LeLeaux v. Hamshire-Fannet Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992) ("use"
involves positive action). We hold that an inadvertent failure to act is not an acceptance.

 Further, all sections of an act should be harmonized and given effect, if possible. Sayre v.
Mullins, 681 S.W.2d 25, 27-28 (Tex. 1984). The apparent purpose of section 409.021 is to limit to sixty
days the time in which to challenge the compensability of an injury. To allow the employer to challenge
compensability after the sixty-day deadline has expired, in this case three months after the deadline expired,
would contravene the purpose of the sixty-day limitations period.

 Simplex cites an excerpt from a treatise on the 1989 Texas Workers' Compensation Act 
to support its argument that an employer may contest compensability even if its carrier has inadvertently
missed the sixty-day deadline:


The employer's right to contest compensability may be exercised when the carrier either
accepts liability or fails to contest compensability w