OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

October 24, 2000

The Honorable Robert Junell
Chair, Committee on Appropriations
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0299

Re: Whether the qualification and granting of a youth-development-association-use tax exemption under section 11.19 of the Tax Code constitute a "change of use" for purposes of section 23.55 of the Tax Code such that the agricultural "rollback" tax is triggered (RQ-0245-JC)

Dear Representative Junell:

This request relates to a particular youth development association's land that qualifies and is appraised as open-space land used for agricultural purposes pursuant to article VIII, section 1-d-1 of the Texas Constitution and subchapter D of chapter 23 of the Tax Code; and, therefore, it is taxed on its productive capacity rather than its market value. Under section 23.55 of the Tax Code, agricultural open-space land is subject to an additional or "rollback" tax when its use is changed. You ask whether qualification of the association's open-space land for a youth-development-association-use tax exemption under section 11.19 of the Tax Code by itself constitutes a change of use for the purposes of the section 23.55 rollback tax when the land continues to be used for agricultural purposes. Because a change of use triggering the rollback tax under section 23.55 occurs only when the land is no longer used for agricultural purposes, we conclude in the negative.

We understand the facts giving rise to your request to be as follows: The Concho Valley Council, Inc. ("Council"), Boy Scouts of America, is a youth development association under section 11.19(d) of the Tax Code. The Council owns an 8,059-acre tract devised to it "to provide a permanent camp and income for [the Council] and such income will be used for the improvement, maintenance and operation of [a separate 300-acre tract on which the Council's permanent camp ground is located]."[1] The Council leases the surface of the 8,059-acre tract to area ranchers for livestock grazing and hunting purposes. Until 1998, the Menard County Appraisal District appraised the tract as open-space land based on its principal use for farm and ranch purposes. In 1998, the Council unsuccessfully sought a complete exemption from taxation of the tract under section 11.19 of the Tax Code, believing that the surface lease for agricultural purposes was incidental to the

---

[1]Letter from Honorable Robert Junell, Chair, Committee on Appropriations, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General at 2 (June 8, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

tract's use for youth development purposes. In 1999, the Council filed applications for both open-space land appraisal—based on principal use of the land for agricultural purposes—and tax exemption under section 11.19—based on principal use of the land for youth development purposes. The appraisal district denied the section 11.19 exemption, but granted the open-space land valuation appraisal application. On appeal, however, the Menard County Appraisal Review Board granted the section 11.19 tax exemption. Because the land qualified for the section 11.19 tax exemption, the appraisal district determined that a change in use of the land had occurred triggering the rollback tax. The Council appealed the rollback tax determination to the appraisal review board, but ultimately settled its dispute with the appraisal district: the Council withdrew its claim for a section 11.19 tax exemption; the appraisal district agreed to again appraise the land as open-space land; and the appraisal district rescinded the rollback tax. The Council, however, may seek the section 11.19 tax exemption again in the future. *See* Request Letter, *supra* note 1, at 1-3; Appraisal District Brief, note 2, at 1-2.[2] You specifically ask:

> Would the eligibility of the ranch for exemption from taxation under Section 11.19, *Property Tax Code,* and the granting of such exemption by the Menard County Appraisal District, in and of itself, constitute a change of use under Section 23.55, *Property Tax Code,* such that the "rollback" tax is triggered, even though the ranch continues to be used for farm and ranch purposes?

Request Letter, *supra* note 1, at 1 (italics in original).

We begin by briefly reviewing the open-space land tax statutory scheme. Generally, all taxable property is appraised at its market value. *See* TEX. CONST. art. VIII, § 1; TEX. TAX CODE ANN. § 23.01 (Vernon Supp. 2000). Article VIII, section 1-d-1 of the Texas Constitution and subchapter D of chapter 23 of the Tax Code allow for appraisal of qualifying agricultural land for property tax purposes on the basis of its productive capacity rather than its market value. *See* TEX. CONST. art. VIII, § 1-d-1 (Vernon 1992 & Supp. 2000); TEX. TAX CODE ANN. §§ 23.51 - .57 (Vernon Supp. 2000). The special valuation reduces the property taxes on qualifying land.[3] To constitute "qualified open-space land," the land must be "currently devoted principally to agricultural use[4] to

---

[2]Brief from Roy L. Armstrong, McCreary, Veselka, Bragg & Allen, P.C., to Honorable John Cornyn, Texas Attorney General (July 20, 2000) (on file with Opinion Committee) [hereinafter Appraisal District Brief].

[3]*See* State Property Tax Board, Manual for the Appraisal of Agricultural Land at 1 (1990) [hereinafter MANUAL].

[4]Agricultural use includes, but is not limited to, the following activities:

> cultivating the soil, producing crops for human food, animal feed, or planting seed or for the production of fibers; floriculture, viticulture, and horticulture; raising or keeping livestock; raising or keeping exotic animals for the production of human

(continued...)

the degree of intensity generally accepted in the area and that has been devoted principally to agricultural use . . . for five of the preceding seven years . . . ." TEX. TAX CODE ANN. § 23.51(a) (Vernon Supp. 2000) (footnote added). If the land is used for several purposes, the primary or most important use must be agricultural. *Id.*; *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993); MANUAL, *supra* note 3, at 8.

When the use of qualified open-space land is changed, section 23.55 of the Tax Code imposes an additional tax in an amount equal to the difference between the taxes paid during the past five years and the taxes that would have been due during that period had the land been appraised at its market value. *See* TEX. TAX CODE ANN. § 23.55(a) (Vernon Supp. 2000). The additional tax is a penalty for taking the land out of agricultural production and is referred to as a "rollback tax" because it recaptures the taxes the owner would have paid had the property been taxed at its market value. *Resolution Trust Corp. v. Tarrant County Appraisal Dist.*, 926 S.W.2d 797, 804-05 (Tex. App.–Fort Worth 1996, no writ); MANUAL, *supra* note 3, at 31. Change of use triggering the rollback tax occurs when the use of the land changes from an agricultural use to a nonagricultural use; cessation of agricultural use, thus, constitutes change of use for rollback tax purposes. *Resolution Trust Corp.*, 926 S.W.2d at 800. No change of use occurs if the land continues to be used for agricultural purposes even though the land may no longer qualify for open-space land appraisal. *See* Tex. Att'y Gen. Op. No. JM-667 (1987) (concluding that no rollback tax may be imposed when land fails to qualify for special valuation but is still in agricultural use).

This interpretation of change of use in section 23.55(a) comports with its administrative construction. *See Tarrant Appraisal Dist.*, 845 S.W.2d at 823 (stating that construction of statute by administrative agency charged with its enforcement is entitled to serious consideration if it is reasonable and does not contradict plain language). Pursuant to the authority granted in section 23.52(d) of the Tax Code, the Texas Comptroller of Public Accounts has promulgated rules regarding appraisal of open-space land that are contained in its MANUAL. The rules provide that "[a] change of use is a physical change. The owner must stop using the land for agricultural purposes." MANUAL, *supra* note 3, at 31. The rules further provide that if the land continues to be used for agricultural purposes, it is not subject to the rollback tax:

> If the owner continues to use the land for agriculture but does not maintain the degree of intensity typical for the area, the land may lose its eligibility for 1-d-1 appraisal without suffering a rollback. Reduced intensity that results from the owner's free choice will cause a loss of agricultural appraisal. [ ]. If the land remains in agricultural

---

<sup></sup>4(...continued)
food or of fiber, leather, pelts, or other tangible products having a commercial value; and planting cover crops or leaving land idle for the purpose of participating in any governmental program or normal crop or livestock rotation procedure.

TEX. TAX CODE ANN. § 23.51(2) (Vernon Supp. 2000).

> use, however, neither kind of reduction [by choice or necessity] will trigger a rollback.

*Id.* at 31-32.

Based on the foregoing judicial and administrative construction of section 23.55(a), unless the Council's land is no longer used for agricultural purposes, *i.e.*, taken out of agricultural production, there is no change of use triggering the rollback tax. You advise us that the Council's land continues to be used for farm and ranch purposes. Request Letter, *supra* note 1, at 1, 3.

We consider whether qualifying for a youth-development-association-use tax exemption under section 11.19 of the Tax Code, nonetheless, entails a change of use of the land as a matter of law. While land qualifying for open-space appraisal and the section 11.19 tax exemption is conceptually problematic, we conclude that the section 11.19 tax exemption qualification does not effect a section 23.55 change of use.

Under section 11.19(a) of the Tax Code, an association that qualifies as a youth development association is entitled to exemption from taxation of:

> (1) the tangible property that:
>
> (A)   is owned by the association;
>
> (B)   except as permitted by Subsection (b), is used exclusively by qualified youth development associations; and
>
> (C)   is reasonably necessary for the operation of the association.

TEX. TAX CODE ANN. § 11.19(a)(1) (Vernon Supp. 2000). Subsection (b) provides that "[u]se of exempt tangible property by persons who are not youth development associations . . . does not result in the loss of an exemption . . . if the use is incidental to use by qualified associations and benefits the individuals the associations serve." *Id.* § 11.19(b).

To qualify for a section 11.19 tax exemption, the land must be used exclusively by the Council and must be reasonably necessary for its youth development operation. *See Texas Conference Ass'n of Seventh-Day Adventists v. Leander Indep. Sch. Dist.*, 669 S.W.2d 353 (Tex. App.–Austin 1984), *aff'd in part, rev'd in part on other grounds*, 679 S.W.2d 487 (Tex. 1984) (noting that statute necessarily implies that there must be a nexus between use of property and activity that qualifies institution for exemption). Incidental use by others, *i.e.*, the area-rancher lessees, that benefits the boy scouts served by the Council is permitted. You ask us to assume "that (i) the lessee[s'] use of the Boy Scout Ranch is for farm and ranch purposes[,] and (ii) the lessee[s'] use is incidental to BSA's use of the Boy Scout Ranch such that the Boy Scout Ranch qualifies for exemption under §[]11.19, *Property Tax Code*[.]" Request Letter, *supra* note 1, at 4. Neither of

these assumptions is necessary to the legal question you pose: whether qualification of the association's open-space land for a youth-development-association-use tax exemption under section 11.19 of the Tax Code by itself constitutes a change of use for the purposes of the section 23.55 rollback tax when the land continues to be used for agricultural purposes. In order to answer this question, we need not and do not decide whether the land qualifies for open-space land appraisal under chapter 23 of the Tax Code or complete tax exemption under section 11.19 of the Tax Code.

It is difficult to conceptually reconcile that land used principally for the lessees' agricultural purposes—meaning other uses are incidental—can simultaneously be exclusively used by the Council—meaning the lessees' agricultural use is incidental—for youth development purposes. *Cf. Tarrant Appraisal Dist.*, 845 S.W.2d at 823 (stating that land used for recreational purposes may still receive open-space designation so long as land is principally used for farm or ranch purposes); MANUAL, *supra* note 3, at 8 (if land is used for more than one purpose, most important or primary use must be agricultural); *see also* Appraisal District Brief, *supra* note 2, at 2 ("It is logically impossible for land to be used principally for a lessee's agricultural operations and, at the same time, to be used exclusively by [a] youth-development association[] for [its] youth development activities with agriculture use being merely incidental. . . ."). However, this conceptual difficulty does not change or negate the fact that when the land continues to be used for agricultural purposes, it has not been taken out of agricultural production. Qualification of land under section 11.19 does not effect, as a matter of law, a change in agricultural use when in fact there is no such change. Accordingly, the section 11.19 tax exemption does not as a matter of law constitute a change of use for the purposes of the section 23.55 rollback tax.

## S U M M A R Y

Qualification of agricultural open-space land for a youth-development-association-use tax exemption under section 11.19 of the Tax Code does not itself constitute a change of use for purposes of the rollback tax under section 22.53 of the Tax Code, when the land continues to be used for agricultural purposes.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee