Hans J. MOORE and George
H. Moore, Appellants,

v.

**TARRANT APPRAISAL DISTRICT
and Tarrant Appraisal Review
Board, Appellees.**

No. 2–90–171–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 22, 1992.

Rehearing Overruled Feb. 25, 1992.

D. Nicholas Acuff & Associates, D. Nicholas Acuff, Fort Worth, for appellants.

Cantey & Hanger, Mary Colchin Johndroe, Fort Worth, for appellees.

Before WEAVER, C.J., and LATTIMORE and DAY, JJ.

OPINION

LATTIMORE, Justice.

This is an appeal by Hans J. Moore and George H. Moore ("Moores") of a judgment in favor of the appellees, the Tarrant Ap-

praisal District and the Tarrant Appraisal Review Board (hereinafter referred to as "TAD"). This was a case involving the qualification of property as open-space land for ad valorem tax purposes. The case was tried before a jury which found the property did not qualify as open-space land for any of the three years in question. The trial court rendered judgment on the jury's verdict. From this judgment, the Moores now appeal.

In their three points of error, the Moores assert that the trial court erred in: (1) instructing the jury on the term "agricultural use" by including instructions which were contradictory and misleading, placed an unlawful burden on appellants, and improperly introduced speculation on the subjective motives of the appellants rather than providing an objective test of the use of the subject land; (2) instructing the jury on the term "the degree of intensity generally accepted in the area" by using an instruction which implied that the appellants were required to be in the *business* of farming or ranching when the law only requires that the land be used for a farm or ranch purpose; and (3) not granting the plaintiffs' motion for new trial because the greater weight and preponderance of the evidence established that the subject property was qualified for open-space use designation in the tax years in question.

Reversed and remanded.

### Appellants' Points of Error

■ The Moores' first point of error contends that the trial court erred in instructing the jury on the term "agricultural use" by including improper additional instructions. In order to determine whether this alleged error in the jury charge is reversible, we must consider the pleadings of each party, the evidence which was presented at trial, and the charge in its entirety. *Island Rec. Dev. v. Republic of Texas Sav.*, 710 S.W.2d 551, 555 (Tex.1986) (opinion on reh'g). "[E]rror will be deemed reversible only if, when viewed in the light of the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment." *Id.*

The Moores complain of the following language which was part of the definition of "agricultural use" submitted to the jury by the trial court: "On the other hand, if the use of the land is principally recreational, or as a hobby, then the activity, although agricultural in nature, is not one that promotes a farm or ranch purpose but instead promotes a recreational purpose." We cannot agree with the appraisal district's assertion in its brief that "if the use of land is ... as a hobby, then, necessarily, the same land could not be devoted principally to agricultural use." We find that property may be used as a hobby[1] while still qualifying as land which is devoted principally to agricultural use under the Texas Property Tax Code.

Section 23.51 of the Texas Property Tax Code provides:

"Qualified open-space land" means land that is currently devoted principally to agricultural use to the degree of intensity generally accepted in the area and that has been devoted principally to agricultural use or to production of timber or forest products for five of the preceding seven years....

"Agricultural use" includes but is not limited to the following activities: cultivating the soil, producing crops for human food, animal feed, or planting seed or for the production of fibers; floriculture, viticulture, and horticulture; raising or keeping livestock; raising or keeping exotic animals for the production of human food or of fiber, leather, pelts, or other tangible products having a commercial value; and planting cover crops or leaving land idle for the purpose of participating in any governmental program or normal crop or livestock rotation procedure. The term also includes the

---

1. Webster's Third New International Dictionary defines hobby as "a specialized pursuit ... that is outside one's regular occupation and that one finds particularly interesting and enjoys doing usu[ally] in a nonprofessional way as a source of leisure-time relaxation; ... any favorite pursuit or interest." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1075 (1981).

use of land to produce or harvest logs and posts for the use in constructing or repairing fences, pens, barns, or other agricultural improvements on adjacent qualified open-space land having the same owner and devoted to a different agricultural use. The term also includes the use of land for wildlife management.

TEX.TAX CODE ANN. § 23.51 (Vernon Supp. 1992).

Under the TAD's approach, only taxpayers who find the agricultural use of their property to be offensive, displeasing, or unpleasurable would qualify for the open-space land designation. The trial court's insertion of the language referred to *supra* was contradictory and misleading. Whether harm has been suffered must be determined from examination of the record as a whole. *Boatland of Houston v. Bailey*, 609 S.W.2d 743, 749–50 (Tex.1980). An exception may exist, however, where an erroneous definition confuses or misleads the jury. *See id.* at 750; *Denman v. Burris*, 815 S.W.2d 793, 796 (Tex.App.—El Paso 1991, writ denied).

In addition to being misleading and/or confusing to the jury in the present case, this improper definition of agricultural use also substantially altered what the Moores had to prove in order to show that their property qualified for the open-space use designation. The definition used by the trial court essentially required the Moores to prove that they did not enjoy or derive pleasure from their use of the property. This additional burden is onerous and not warranted by statute. The augmentation of the Moores' burden of proof via the insertion of the complained-of language in the definition of "agricultural use" constituted error. The question before us, however, is whether such error is reversible. When viewed in the totality of the circumstances, the error must have amounted to such a denial of the Moores' rights as was reasonably calculated and probably did cause the rendition of an improper judgment.

At trial, the Moores asserted that the use of the property was principally agricultural. In addition, the Moores as well as a few of their friends testified that the property was used to some extent for recreational or hobby-type purposes. The erroneous definition precluded the Moores from prevailing at trial since their own admissions demonstrated that they had derived some pleasure from the use of the land. We therefore sustain the appellants' first point of error after finding that the erroneous definition did amount to such a denial of the Moores' rights as was reasonably calculated to, and probably did, cause an improper judgment. In light of our disposition of the Moores' first point of error, we need not address their second and third points. In addition, the TAD's sole cross-point is overruled.

The judgment is reversed and the case remanded for new trial.