**TARRANT APPRAISAL DISTRICT and Tarrant Appraisal Review Board, Petitioners,**

v.

**Hans J. MOORE and George H. Moore, Respondents.**

No. D–2252.

Supreme Court of Texas.

Jan. 27, 1993.

Mary Colchin Johndroe, Fort Worth, for petitioners.

D. Nicholas Acuff, Fort Worth, for respondents.

OPINION

ENOCH, Justice.

In this case, the jury was instructed that use of land "principally for recreational purposes, or as a hobby," does not qualify as an agricultural use. The jury's finding that the land failed to qualify as agricultural use prevented the land from qualifying as "open-space land" which would be entitled to favorable ad valorem tax treatment. We are asked to decide whether this instruction is erroneous. We hold that it is not erroneous. Accordingly, we reverse the judgment of the court of appeals, 823 S.W.2d 418, and remand this case to that court for further consideration.

I.

Hans J. Moore and George H. Moore (the "Moores") own 78 acres of land located wholly within the city limits of Fort Worth. From 1983 to 1989, the Moores grazed from two to sixteen horses on the land. Although the Moores testified that they kept the horses as part of a horse breeding operation, evidence presented at trial showed that their mares were rarely, if ever, bred. In fact, only one filly was born on the property, in 1984. The Moores purchased two pregnant mares that bore foals in 1989. They also bred their stallions in that year.

There was testimony by the Moores that any horses kept on the property were used very frequently for pleasure riding by the Moores, their friends and relatives. The testimony revealed no other substantial use to which the horses or the property were put, although the Moores used the property to store cement blocks, bricks, old cars, and other miscellaneous equipment.

The property had not generated any income for the Moores since 1981. Andrea Moore, George's wife, testified that the

Moores had not filed a Schedule F to report farm or ranch income to the Internal Revenue Service since at least 1983. Additionally, George Moore testified that he had listed the property with a realtor and hired an engineering firm to prepare a preliminary subdivision plan for the property.

The Tarrant Appraisal District and Tarrant Appraisal Review Board ("TAD") denied the "open-space land" designation for the Moores' land for the 1987, 1988, and 1989 tax years. The Moores filed this suit, asserting that the land had an "agricultural use" for those years and therefore was "qualified open-space land" subject to favorable tax treatment.

The jury charge contained the following definition of "agricultural use":

"AGRICULTURAL USE" shall mean the same and be synonymous with "farm or ranch purposes" and includes but is not limited to the following activities: cultivating the soil, producing crops for human food, animal feed or planting seed, or for the production of fibers; floriculture, viticulture, and horticulture; raising or keeping livestock; raising or keeping exotic animals for the production of human food or of fiber, leather, pelts, or other tangible products having a commercial value; and planting cover crops or leaving land idle for the purpose of participating in any governmental program or normal crop or livestock rotation. "Livestock" shall mean animals of any kind kept or raised such as but not limited to horses, beef cattle and dairy cattle. You are instructed that raising, breeding, and/or grazing horses are agricultural uses. You are further instructed that growing grass on land for the purpose of feeding animals, including horses, is an agricultural use. Where, however, the land is used primarily to show, train, stable, race, care for or otherwise divert livestock from a farm or ranch purpose, that land so diverted is not eligible as "qualified open-space land." You are further instructed that the law does not require that agriculture be the primary occupation and primary source of income of the landowner nor that the use of the land be an occupation

or a business venture for profit. On the other hand, if the use of the land is principally recreational, or as a hobby, then the activity, although agricultural in nature, is not one that promotes a farm or ranch purpose but instead promotes a recreational purpose. To qualify for open-space land it is only necessary that the land have an agricultural use to the degree of intensity generally accepted in the area.

The jury found that the property did not qualify as open-space land for any of the three years in question. The trial court rendered judgment on the jury's verdict. Because the court of appeals concluded that property used as a hobby could still qualify as land devoted principally to agricultural use under the Tax Code, it reversed and remanded the case for a new trial on the grounds that the jury charge contained an erroneous definition of "agricultural use." We disagree. The submitted definition of "agricultural use" was not erroneous in light of the facts of this case.

## II.

The Texas Constitution promotes the preservation of open-space land by authorizing the legislature to tax open-space land devoted to farm or ranch purposes on the basis of its productive capacity. Tex. Const. art. VIII, § 1–d–1(a) (Vernon Supp. 1993). The Constitution further authorizes the legislature to provide eligibility limitations for the open-space designation. *Id.* Accordingly, section 23.51 of the Tax Code provides:

"Qualified open-space land" means land that is currently devoted *principally to* agricultural use *to the degree of intensity generally accepted in the area and that has been devoted* principally *to* agricultural use ... *for five of the preceding seven years....*

"Agricultural use" includes but is not limited to the following activities: cultivating the soil, producing crops for human food, animal feed, or planting seed or for the production of fibers; ... raising or keeping livestock; ... and plant-

ing cover crops or leaving land idle for the purpose of participating in any governmental program or normal crop or livestock rotation procedure.

TEX.TAX CODE ANN. § 23.51(1), (2) (Vernon 1992) (emphasis added).

Section 23.52(d) of the Tax Code, as in effect in 1987 through 1989, provided that "[t]he State Property Tax Board by rule shall develop and the appraisal office shall enforce procedures to verify that land meets the conditions contained in Subdivision (1) of Section 23.51 of this code." *Id.* § 23.52(d) (Vernon 1982 & Supp.1992).[1]

Section 23.56 of the Tax Code states that land which is wholly within the corporate limits of an incorporated municipality, such as the Moores' land, would not be eligible for appraisal as open-space land unless:

(A) the city or town is not providing the land with governmental or proprietary services substantially equivalent in standard and scope to those services it provides in other parts of the city or town with similar topography, land utilization, and population density; or

(B) the land has been devoted principally to agricultural use continuously for the preceding five years.

*Id.,* § 23.56(1).

Pursuant to the authority granted to it under Section 23.52(d) of the Tax Code, the State Property Tax Board promulgated rules that reiterate the original intent of Article VIII, Section 1-d-1 of the Texas Constitution. These rules indicate that land that is principally used for recreation does not qualify for the open-space designation under Article VIII, Section 1-d-1. The pertinent rules are as follows:

6. For the purpose of determining 1-d-1 qualification, the State Property Tax Board has adopted these definitions:

a. "Agricultural use" shall mean the same as and be synonymous with "farm or ranch purposes" as that phrase is found in Art. VIII, Sec. 1-d-1 of the Texas Constitution. The mean-

ing of the phrase or term is that recognized by Texas courts in decisions arising out of interpretation of Art. VIII, Sec. 1-d of the Texas Constitution.

.    .    .    .    .

c. "Principally" or "Principal use" shall mean the more important use in comparison with other uses to which the land is put.

7. The State Property Tax Board by rule has adopted these eligibility standards:

a. Where the raising and keeping of livestock to the degree of intensity generally accepted in the area is the principal use to which land is currently devoted and to which it has been principally devoted for five of the preceding seven years, such land is eligible as qualified open-space land.

b. Where hunting and recreational use of the land occur so as to be secondary and incidental to an otherwise principal farm or ranch use, such land is eligible as qualified open-space land. Where hunting and *recreational use* of the land occur so as to be the *principal use* of the land, such land is *not eligible* as qualified open-space land.

STATE PROPERTY TAX BOARD, MANUAL FOR THE APPRAISAL OF AGRICULTURAL LAND 15 (1982) (the "1982 AG MANUAL") (emphasis added).

The "Guidelines for the Valuation of Agricultural Land" specifically provides guidance regarding the tax treatment of land used for horses:

Land used primarily to raise or keep horses qualifies for agricultural appraisal. Land used primarily to train, show, or race horses, *to ride horses for recreation,* or to keep or use horses in some other manner that is not strictly incidental to breeding or raising horses does not qualify.

STATE PROPERTY TAX BOARD, GUIDELINES FOR THE VALUATION OF AGRICULTURAL LAND 8

---

1. Section 23.52(d) was amended in 1991 to substitute references to the comptroller for references to the State Property Tax Board. Act of August 29, 1991, 72nd Leg., 2nd C.S., ch. 6, § 24,

4 1991 Tex.Gen.Laws 26, 31. The 1991 amendment made no substantive change to this section.

(1988) (the "1988 AG MANUAL") (emphasis added).

Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute. *Stanford v. Butler,* 181 S.W.2d 269, 273 (Tex.1944). Rules stated in both the 1982 Ag Manual and the 1988 Ag Manual have been upheld by Texas courts. *See Kerr Central Appraisal Dist. v. Stacy,* 775 S.W.2d 739, 741–42 (Tex. App.—San Antonio 1989, writ denied) (trial court decision granting open-space exemption based on 1982 and 1988 Ag Manuals upheld); *Bower v. Edwards County Appraisal Dist.,* 697 S.W.2d 528, 530 (Tex. App.—San Antonio 1985, no writ) (use of definitions from 1982 Ag Manual proper basis for jury charge). *But see Riess v. Williamson County Appraisal Dist.,* 735 S.W.2d 633, 637–38 (Tex.App.—Austin 1987, writ denied) (State Property Tax Board rule held invalid when inconsistent with Section 23.51).

In contrast to *Riess,* the administrative rules included by the trial court in its definition of "agricultural use" are not contradictory to or inconsistent with any statutory provision. Rather, the definition is consistent with the requirement of Section 23.51 that land must be "devoted principally to agricultural use" in order to qualify as open-space land. *See Railroad Comm'n v. Lone Star Gas Co.,* 844 S.W.2d 679, 685 (Tex.1992) (an agency's rules must be consistent with the laws of this state).

The language used by the trial court in its definition of "agricultural use" is derived substantially from the 1982 Ag Manual. *See* 1982 AG MANUAL at 15. However, the submitted definition added use of land as a "hobby," stating that use of land "principally for recreation, or as a hobby" *does not qualify as agricultural use.*

The Moores argue that the trial court's inclusion of "hobby" drew the jury's attention away from the necessary distinction between "recreational use" and "agricul-

tural use." We disagree. Rather, we hold that the definition of "agricultural use," taken as a whole, properly focused the jury on the requirement that the *principal* use of the land must be agricultural, not recreational.

The court's charge included the definition for "principally" or "principal use" found in the 1982 Ag Manual, meaning "the more important use in comparison with other uses to which the land is put." 1982 AG MANUAL at 15. The 1988 Ag Manual reiterates that "[i]f the land is used for more than one purpose, the most important or primary use must be agriculture" to qualify as open-space land. 1988 AG MANUAL at 8. The jury's verdict supports a finding that the principal use of the Moores' land was recreational for each of the three years in question. Under the rules promulgated by the State Property Tax Board, land that is principally recreational in use is not eligible as qualified open-space land. *See* 1982 AG MANUAL at 15.

The court of appeals held that the definition of "agricultural use" submitted by the trial court "essentially required the Moores to prove that they did not enjoy or derive pleasure from their use of the property" in order to qualify for open-space designation. 823 S.W.2d at 420. This reasoning ignores the State Property Tax Board rule that the open-space designation is unavailable when the *principal* use, that is the *more important* use in comparison with other uses, is recreational rather than agricultural. 1982 AG MANUAL at 15. Contrary to the court of appeals' reasoning, a landowner may derive pleasure, use the land for recreation, and still receive an open-space designation so long as the land is principally used for farm or ranch purposes. This is what the instruction given by the trial court told the jury.

Upon review of the entire definition of "agricultural use" included in the charge, we cannot say that inclusion of the phrase "use of land ... principally for recreation, or as a hobby," in the definition of "agricultural use" in the jury charge was erroneous.[2]

---

2. We note that the 1988 Ag Manual included as   an example that "casual uses such as home

Accordingly, we reverse the judgment of the court of appeals and remand to that court for consideration of the Moores' remaining points of error.

vegetable gardens *or hobby farming* do not really constitute agricultural use." 1988 Aɢ Mᴀɴᴜᴀʟ at 5 (emphasis added). However, the 1988 Ag Manual was amended in 1990 to delete "hobby farming" as an example of an activity not constituting agricultural use. *See* Sᴛᴀᴛᴇ Pʀᴏᴘᴇʀᴛʏ Tᴀx Bᴏᴀʀᴅ, Mᴀɴᴜᴀʟ ꜰᴏʀ ᴛʜᴇ Aᴘᴘʀᴀɪsᴀʟ ᴏꜰ Aɢʀɪᴄᴜʟᴛᴜʀᴀʟ Lᴀɴᴅ 5 (1990) (the "1990 Ag Manual"). Similarly, a provision in the 1988 Ag Manual, which stated that hobby farms did not meet the re-

quirement that land be used for an agricultural purpose *to the degree of intensity typical in the area*, was also deleted from the 1990 Ag Manual. *Compare* 1988 Aɢ Mᴀɴᴜᴀʟ at 9 ("(The 'degree of intensity') test is intended to exclude "hobby" farms or ranches and land on which token agricultural use occurs in an effort to obtain tax relief") *with* 1990 Aɢ Mᴀɴᴜᴀʟ at 9 ("(The 'degree of intensity') test is intended to exclude land on which token agricultural use occurs....").