ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 22, 2006

The Honorable Ismael "Kino" Flores
Chair, Committee on Licensing and
   Administrative Procedures
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0497

Re: Whether the 2006 Qualified Allocation
Plan of the Texas Department of Housing and
Community Affairs complies with Government
Code section 2306.6710(b) (RQ-0515-GA)

Dear Representative Flores:

You ask about the Texas Department of Housing and Community Affairs ("TDHCA") and whether its 2006 Qualified Allocation Plan complies with Government Code section 2306.6710(b).[1]

The federal government offers tax credits to private developers to stimulate investment in and construction of low-income housing. *See generally* 26 U.S.C.A. § 42 (West Supp. 2006). These federal tax credits are allocated among the states and awarded at the state level by a designated housing credit agency. *See id.* § 42(h), (m). In Texas, the legislature, under Government Code chapter 2306, subchapter DD, has designated the TDHCA to administer the state's low-income housing tax-credit program. *See* TEX. GOV'T CODE ANN. §§ 2306.6701–.6734 (Vernon Supp. 2006); *see also id.* § 2306.053(b)(10) (Vernon 2000) (authorizing TDHCA to "administer federal housing, community affairs, or community development programs, including the low income housing tax credit program").

The Internal Revenue Code requires TDHCA, as administrator of this tax-credit program, to allocate tax credits according to selection criteria laid out in a "qualified allocation plan" (a "QAP"). *See* 26 U.S.C.A. § 42(m)(1)(B)–(C) (West Supp. 2006). Texas law implements the federal law by requiring the TDHCA board to annually adopt a QAP, *see* TEX. GOV'T CODE ANN. § 2306.67022 (Vernon Supp. 2006), which, among other things, provides the threshold, scoring, and underwriting criteria and procedures for applicants seeking low-income housing tax credits. *See id.* § 2306.6702(a)(10). While TDHCA has discretion to determine the number of points to assign the underwriting criteria and to score and rank the applications for tax credits, numerous provisions in the Government Code require TDHCA to consider specific funding priorities, information, and

---

[1]*See* Letter from Honorable Ismael "Kino" Flores, Chair, Committee on Licensing and Administrative Procedures, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1–2 (June 13, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

preferences in doing so.[2]  And it is these prescriptive provisions that give rise to your question. *See* Request Letter, *supra* note 1, at 1–2.

Specifically, you ask about Government Code section 2306.6710(b), *see id.*, which requires TDHCA to score and rank tax-credit applications using a point system that prioritizes certain criteria over others.  *See* TEX. GOV'T CODE ANN. § 2306.6710(b) (Vernon Supp. 2006).  Subsection (b)(1)(B) of this section, which is at the crux of your question, requires TDHCA to consider and rank

> quantifiable community participation with respect to the development, evaluated on the basis of written statements from any *neighborhood organizations* on record with the state or county in which the development is to be located and whose boundaries contain the proposed development site[.]

*Id.* § 2306.6710(b)(1)(B) (Vernon Supp. 2006) (emphasis added).  "Neighborhood organization" is not defined in the statute.  *See id.* §§ 2306.6701–.6734.

TDHCA, however, has defined the term in its 2006 QAP:

> A "neighborhood organization" is defined as an organization of persons living near one another within the organization's defined boundaries that contain the proposed Development site and that has a primary purpose of working to maintain or improve the general welfare of the neighborhood. "Neighborhood organizations" include homeowners associations, property owners associations, and *resident councils (only for Rehabilitation or demolition with New Construction applications in which the council is commenting on the rehabilitation or demolition/ New Construction of the property occupied by the residents).* "Neighborhood organizations" do not include broader based "community" organizations; organizations that have no members other than board members; chambers of commerce; community development corporations; churches; school related organizations; Lions, Rotary, Kiwanis, and similar organizations; Habitat for Humanity; Boys and Girls Clubs; charities; public housing authorities; or any governmental entity. Organizations whose boundaries include an entire county or larger area are not "neighborhood organizations." Organizations whose boundaries include an entire city are generally not "neighborhood organizations."

31 Tex. Reg. 105, 144 (2006) (to be codified at 10 TEX. ADMIN. CODE § 50.9(i)(2)(A)(iv)) (emphasis added) (TDHCA "2006 Housing Tax Program Qualified Allocation Plan and Rules").  You express

---

[2]*See* TEX. GOV'T CODE ANN. § 2306.6725(a) (Vernon Supp. 2006); Tex. Att'y Gen. Op. No. GA-0208 (2004) at 9 n.13 (discussing the discretion Government Code section 2306.6725(a) permits TDHCA in assigning points to underwriting criteria); *see also, e.g.,* TEX. GOV'T CODE ANN. §§ 2306.111(d), (g), .6704(b), .6710(b), .6718(b) (Vernon Supp. 2006).

concern that TDHCA's rule, by limiting resident councils to commenting only on the rehabilitation of or demolition with new construction of the property occupied by the residents, conflicts with Government Code section 2306.6710(b). *See* Request Letter, *supra* note 1, at 2.

Based on this information, you first ask:

> Whether Section 2306.6710(b) . . . is a mandatory provision that requires the 2006 QAP to rank applications for Low Income Housing Tax Credits by a point system that includes as a factor quantifiable community participation with respect to the development, evaluated on the basis of written statements from any neighborhood organizations on record with the state or county in which the development is to be located and whose boundaries contain the proposed development site?

*Id.* This office has, on two occasions, determined that Government code section 2306.6710(b) is a mandatory provision that requires TDHCA to rank applications using a point system that gives the greatest number of points, in descending order, to the nine factors listed in that section. *See* Tex. Att'y Gen. Op. Nos. GA-0455 (2006) at 2–3; GA-0208 (2004) at 10.

You next ask "[w]hether TDHCA has discretionary authority to impose additional limiting criteria for quantifiable community participation by neighborhood organizations under Section 2306.6710(b)?" Request Letter, *supra* note 1, at 2. As this office has already said, section 2306.6710(b) does not permit TDHCA to adopt additional criteria for that section. *See* Tex. Att'y Gen. Op. No. GA-0208 (2004) at 6–7. Therefore, TDHCA may not impose additional limits on quantifiable community participation by neighborhood organizations under section 2306.6710(b).

Third, you ask:

> Whether the TDHCA implemented language in Section [50.9(i)(2)(A)(iv)] of the 2006 Qualified Allocation Plan that limits quantifiable community participation by a Resident Council, a qualified neighborhood organization, is in compliance with Section 2306.6710(b) of the Texas Government Code . . . that requires quantifiable community participation with respect to the development, evaluated on the basis of written statements from any neighborhood organizations on record with the state or county in which the development is to be located and whose boundaries contain the proposed development site?

Request Letter, *supra* note 1, at 2.

Because the term "neighborhood organization" in section 2306.6710(b)(1)(B) is not defined by statute, TDHCA has construed the term by an interpretive rule under the general authority granted to it by the legislature to adopt an annual QAP. *See* TEX. GOV'T CODE ANN. § 2306.67022 (Vernon

Supp. 2006). Interpretive rules are those rules that interpret and apply the provisions of an applicable statute. *See First Fed. Sav. & Loan Ass'n. v. Vandygriff*, 639 S.W.2d. 492, 498 (Tex. App.—Austin 1982, writ dism'd). Construction of a statute in agency rules by the administrative agency charged with the statute's enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute. *See Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993). But a rule may be invalid if the rule's language exceeds the agency's statutory authority. *See R.R. Comm'n v. Arco Oil & Gas Co.*, 876 S.W.2d 473, 477–78 (Tex. App.—Austin 1994, writ denied). In deciding whether an administrative agency has exceeded its rule-making powers, the determinative factor is whether the rule's provisions are "in harmony" with the general objectives of the statute. *See Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 750 (Tex. 1995) (citing *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968)).

Here, section 2306.6710(b)(1)(B) establishes two requirements that neighborhood organizations must meet in order to have their input count as quantifiable community support for or against a particular low-income housing project: (1) the organization must be on record with the state or county in which the development is to be located; and (2) the organization must represent an area whose boundaries contain the proposed development site. TEX. GOV'T CODE ANN. § 2306.6710(b)(1)(B) (Vernon Supp. 2006). TDHCA interprets these requirements by defining "neighborhood organization" in the 2006 QAP to include, among other things, a resident council, but only to the extent the resident council is commenting on "the rehabilitation or demolition/ New Construction of the property occupied by the residents." 31 Tex. Reg. 105, 144 (2006) (to be codified at 10 TEX. ADMIN. CODE § 50.9(i)(2)(A)(iv)) (TDHCA "2006 Housing Tax Credit Program Qualified Allocation Plan and Rules"). That is, for the resident council to satisfy section 2306.6710(b)(1)(B)'s requirement that a neighborhood organization represent an area bounding the proposed development, the proposed development must occur on the property that the resident council represents. A resident council, by definition, represents only the property occupied by its residents.[3] A resident council cannot represent property not yet constructed, unlike existing property to be rehabilitated or to be demolished and then reconstructed. TDHCA is not, therefore, limiting the meaning of neighborhood organization or adding criteria to section 2306.6710(b); rather, TDHCA's rule for resident councils merely restates the statute's requirements in terms specific to a resident council. Thus, in answer to your third question, TDHCA's rule for resident councils is in harmony with Government Code section 2306.6710(b)(1)(B).

Finally, you ask, if any of our above answers would require the TDHCA to modify its 2006 QAP, "what steps must TDHCA take to ensure the 2006 application cycle is conducted in accordance with the law?" Request Letter, *supra* note 1, at 2. Because we have determined that TDHCA has not, with respect to your questions, interpreted section 2306.6710(b) inconsistent with the statute, we need not address this issue.

---

[3]*See, e.g.*, 12 U.S.C.A § 4119(11)(A) (West 2001) (applying to federal low-income housing preservation and defining the term "resident council" as "any incorporated nonprofit organization or association that . . . is *representative of the residents of the housing*") (emphasis added).

## S U M M A R Y

Government Code section 2306.6710(b) is a mandatory provision that requires the Texas Department of Housing and Community Affairs to rank applications using a point system that gives the greatest number of points, in descending order, to the nine factors listed in that section. Section 2306.6710(b) does not permit the department to adopt additional criteria.

Government Code section 2306.6710(b)(1)(B) requires the department to score proposed development projects based on input from "neighborhood organizations," which must be on record with the state or county in which the development is to be located and which must represent an area that contains the proposed development site. The 2006 Qualified Allocation Plan from the department defining "neighborhood organization" to include resident councils, but only to the extent the proposed project is located on property occupied by their residents, is in harmony with section 2306.6710(b)(1)(B).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee