

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 8, 2006

The Honorable Charles A. Rosenthal, Jr.
Harris County District Attorney
1201 Franklin Street, Suite 600
Houston, Texas 77002

Opinion No. GA-0435

Re: Whether a reserve peace officer may wear his official uniform and display the insignia of an official law enforcement agency while working as a private security officer licensed by the Texas Private Security Board (RQ-0421-GA)

Dear Mr. Rosenthal:

You ask whether a reserve peace officer may wear his official uniform and display the insignia of an official law enforcement agency while working as a private security officer licensed by the Texas Private Security Board (the "Board").[1]

## I. Background

Article 2.12 of the Texas Code of Criminal Procedure lists 34 categories of persons denominated "peace officers." Those relevant to your inquiry include the following:

> (1) sheriffs, their deputies, and those reserve deputies who hold a permanent peace officer license issued under Chapter 1701, Occupations Code;
>
> (2) constables, deputy constables, and those reserve deputy constables who hold a permanent peace officer license issued under Chapter 1701, Occupations Code; [and]
>
> (3) marshals or police officers of an incorporated city, town, or village, and those reserve municipal police officers who hold a permanent peace officer license issued under Chapter 1701, Occupations Code.

---

[1]See Letter from Honorable Charles A. Rosenthal, Jr., Harris County District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Nov. 28, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us).

TEX. CODE CRIM. PROC. ANN. art. 2.12(1)–(3) (Vernon Supp. 2005). Chapter 1701 of the Occupations Code defines the term "reserve law enforcement officer" as "a person designated as a reserve law enforcement officer under Section 85.004, 86.012, or 341.012, Local Government Code, or Section 60.0775, Water Code." TEX. OCC. CODE ANN. § 1701.001(6) (Vernon Supp. 2005).

Section 85.004 of the Local Government Code provides that "[t]he commissioners court of a county may authorize the sheriff to appoint reserve deputy sheriffs," but "may limit the number of reserve deputies that may be appointed." TEX. LOC. GOV'T CODE ANN. § 85.004(a) (Vernon Supp. 2005). "A reserve deputy serves at the discretion of the sheriff." Id. § 85.004(b). "The sheriff may authorize a reserve deputy who is a peace officer" under article 2.12 of the Code of Criminal Procedure "to carry a weapon or act as a peace officer at all times, regardless of whether the reserve deputy is engaged in the actual discharge of official duties, or may limit the authority of the reserve deputy to carry a weapon or act as a peace officer to only those times during which the reserve deputy is engaged in the actual discharge of official duties." Id. Moreover, "[a] reserve deputy, regardless of whether the reserve deputy is a peace officer" under article 2.12, Code of Criminal Procedure, "is not . . . exempt from Chapter 1702, Occupations Code."[2] Id.

Section 86.012 of the Local Government Code uses identical language to describe the limitations imposed on reserve deputy constables, including the provision that a deputy constable "is not . . . exempt from Chapter 1702, Occupations Code." Id. § 86.012(b). Section 60.0775 of the Water Code, applicable to navigation districts, provides that "[t]he commission of a district that has established a police force may establish a volunteer police reserve force." TEX. WATER CODE ANN. § 60.0775(a) (Vernon Supp. 2005). "The chief of the district police force shall appoint volunteers to serve as reserve force members." Id. § 60.0775(d). Furthermore, "[a] reserve force member who is not a peace officer" under article 2.12, Code of Criminal Procedure, "may act as a peace officer only during the discharge of official duties. A reserve force member who is a peace officer under that article must hold a permanent peace officer license issued under Chapter 1701, Occupations Code." Id. § 60.0775(f). As is the case with reserve deputy sheriffs and constables, a reserve peace officer appointed by a navigation district is not "exempt from Chapter 1702, Occupations Code." Id. § 60.0775(i)(2).

Section 341.012 of the Local Government Code provides that "[t]he governing body of a municipality may provide for the establishment of a police reserve force." TEX. LOC. GOV'T CODE ANN. § 341.012(a) (Vernon 2005). The chief of police of the municipality is required to "appoint the members of the reserve force," and they serve at his discretion. Id. § 341.012(d). Members of a reserve force serve as peace officers "during the actual discharge of official duties," but they "may act only in a supplementary capacity to the regular police force and may not assume the full-time duties of regular police officers without complying with the requirements for regular police officers." Id. § 341.012(f), (h). A reserve officer may not carry a weapon "or otherwise act as a peace officer" unless the appointment is approved by the governing body. Id. § 341.012(g). Like the other peace

---

[2]This opinion relates solely to reserve peace officers, and in no way implicates non-reserve peace officers.

officers described above, a reserve peace officer is not "exempt from Chapter 1702, Occupations Code." *Id.* § 341.012(h)(2).[3]

Chapter 1702 of the Occupations Code relates to "Private Security." Section 1702.021 creates the Texas Private Security Board consisting of "seven members appointed by the governor with the advice and consent of the senate." TEX. OCC. CODE ANN. § 1702.021(a) (Vernon 2004). "The board created under Section 1702.021 is a part of the [Department of Public Safety]," and the Department of Public Safety (the "DPS") is directed to "administer this chapter through the board." *Id.* § 1702.005(a). Prior to 2003, the entity now known as the Board was an independent agency called the Texas Commission on Private Security. *See* Act of Oct. 12, 2003, 78th Leg., 3d C.S., ch. 10, § 2.01, 2003 Tex. Gen. Laws 130, 132 (effective Oct. 20, 2003). As a result of this 2003 legislation, "[a] reference in . . . chapter [1702] or another law to the Texas Commission on Private Security means the [Private Security] board." TEX. OCC. CODE ANN. § 1702.005(b) (Vernon 2004).

The Board is responsible for issuing various kinds of license. A "license" is "a permit issued by the commission that entitles a person to operate as a security services contractor or investigations company." *Id.* § 1702.002(12) (Vernon Supp. 2005). A "license holder" is defined as "a person to whom the commission issues a license." *Id.* § 1702.002(13). *See, e.g., id.* §§ 1702.101 (Vernon 2004) (licensing of investigations companies), 1702.102 (licensing of security services contractors), 1702.1025 (licensing of electronic access control device companies). The Board also issues a "security officer commission," which "means an authorization issued by the commission that entitles a security officer to carry a firearm." *Id.* § 1702.002(21) (Vernon Supp. 2005). Section 1702.161 provides, *inter alia*, that "[a]n individual may not accept employment as a security officer to carry a firearm in the course and scope of the individual's duties unless the individual holds a security officer commission." *Id.* § 1702.161(a) (Vernon 2004). Nor may a person "hire or employ an individual as a security officer to carry a firearm in the course and scope of the individual's duties unless the individual holds a security officer commission." *Id.* § 1702.161(c). Section 1702.163 details the qualifications for obtaining a security officer commission, and section 1702.165 describes the issuance of a security officer commission to a person who has met each of the qualifications set forth in section 1702.163. *Id.* §§ 1702.163 (Vernon Supp. 2005), 1702.165 (Vernon 2004).

## II.    Analysis

Your inquiry concerns reserve peace officers who are employed by a person or company that holds a "license" from the Board. The question focuses on section 1702.130 of the Occupations Code, which provides:

---

[3]Although you indicate that most members of a reserve force are volunteers, various statutes permit their compensation. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. § 141.007 (Vernon 1999) (municipal governing body may provide for uniform compensation of the municipal police reserve force); *id.* § 152.075 (commissioners court may compensate a reserve deputy sheriff as provided by law for the compensation of a deputy sheriff); *id.* § 152.902 (commissioners court may compensate a reserve deputy constable as provided by law for the compensation of a deputy constable). On the other hand, the members of a reserve force of a navigation district "are not district employees and serve without pay and at the chief's discretion." TEX. WATER CODE ANN. § 60.0775(d) (Vernon Supp. 2005).

> (a)  A license holder, or an officer, director, partner, manager, or employee of a license holder, may not:
>
>> (1)  use a title, an insignia, or an identification card, wear a uniform, or make a statement with the intent to give an impression that the person is connected with the federal government, a state government, or a political subdivision of a state government; or
>>
>> (2)  use a title, an insignia, or an identification card or wear a uniform containing the designation "police."
>
> (b)  Subsection (a) does not prohibit a commissioned security officer employed by a political subdivision of this state from using a title, insignia, or identification card, wearing a uniform, or making a statement indicating the employment of that individual by a political subdivision.

*Id.* § 1702.130 (Vernon 2004). Although subsection (a) describes prohibitions applicable to a "license holder," subsection (b) relates to a "commissioned security officer," defined as "a security officer to whom a security officer commission has been issued by the [Board]." In a brief filed with the Attorney General, the Director of the DPS suggests that subsection (b) may be read in two distinct ways: (1) subsection (a) does not prohibit a commissioned security officer employed while performing security services for a political subdivision from using the uniform of the political subdivision, or (2) subsection (a) does not prohibit a commissioned security officer employed by a political subdivision from wearing the uniform of the political subdivision while performing security work for an entity other than the political subdivision.[4]

The second reading was the one preferred by the Board prior to October 17, 2005. The rule at issue declared, in relevant part:

> (e)  A reserve law enforcement officer who has made application for or who has been issued a registration as a non-commissioned security officer or has been issued a security officer commission by the Texas Private Security Board under a licensed security services contractor or a letter of authority may wear the official uniform of that agency while working private security only when:
>
>> (1)  the chief administrator of the appointing law enforcement agency has the authority to appoint reserve peace officers and a reserve peace officer license has been issued by the Texas Commission on Law Enforcement Officer Standards and Education;

---

[4]*See* Brief from Colonel Thomas A. Davis, Jr., Director, Texas Department of Public Safety, to Honorable Greg Abbott, Attorney General of Texas (Jan. 5, 2006) (on file with the Opinion Committee) [hereinafter DPS Brief].

(2)   the reserve law enforcement officer has written permission to wear the official uniform of the appointing law enforcement agency;

(3)   the written authorization must be signed and dated by the chief administrator of the appointing law enforcement agency and shall be maintained for inspection by the Texas Private Security Board at the principal place of business or branch office of the licensed security service contractor or letter of authority;

(4)   the reserve peace officer is wearing the official uniform of the appointing agency that clearly identifies that agency and is not wearing a generic peace officer uniform;

(5)   the reserve peace officer meets the definition of the Internal Revenue Service as an employee of the licensed security service contractor or letter of authority;

(6)   the licensed security services contractor or letter of authority has not accepted any monies or remuneration to allow the reserve peace officer to work under the license of the security services contractor or letter of authority;

(7)   the reserve peace officer has not terminated employment with the appointing agency; and

(8)   the reserve peace officer has not been summar[il]y suspended or summar[il]y denied or revoked by the Texas Private Security Board.

29 Tex. Reg. 9686 (2004), *repealed in part by* 30 Tex. Reg. 6772–73 (2005) (repealing subsection 35.39(e)) (Tex. Dep't of Pub. Safety). In an issue of the *Texas Register* dated October 14, 2005, the DPS adopted the amendment to repeal subsection (e). The only published comment regarding the repeal of the rule is the following:

Amendments to the section are necessary in order to delete subsections (e) and (f) and reformat current subsection (g) as new (e). The deletion of subsections (e) and (f) are necessary in order to eliminate a portion of the rule which has created confusion for the public and law enforcement.

30 Tex. Reg. 6773 (2005).

Although the repeal of a rule by an administrative agency does not necessarily create the inference you suggest—"that the 'confusion' mentioned by the Board resulted from the apparent conflict between subsection[] (e) . . . and the statutory prohibition set out in section 1702.130(a) of the Occupations Code"—it certainly adds a modicum of authority to the argument that the first of the two constructions of section 1702.130(b), referenced above, is the correct reading. Request Letter, *supra* note 1 (Attached Brief at 5). More to the point is the question of why the Board, if it believed the second construction to be correct, acted to remove the apparent safeguards surrounding a reserve officer's wearing of his official uniform while working as a private security guard: the removal of the "written authorization" requirement from the appointing agency; the removal of the guarantee that the security services contractor has not accepted remuneration; the removal of the requirement that the reserve officer's employment has not been terminated by the appointing agency; and, the removal of the requirement that the reserve officer's license has not been revoked by the Board. In our view, the removal of the safeguards, more than the actual repeal of the rule, favors the first of the two constructions referenced above.

An even more substantial reason to prefer the first of these two constructions is that it represents the position of the DPS. As we have indicated, the DPS administers chapter 1702 of the Occupations Code through the Board. TEX. OCC. CODE ANN. § 1702.005(a) (Vernon 2004). The executive director of DPS suggests the two interpretations referenced above and then makes clear that DPS "doubts the reasonableness of interpreting Section 1702.130(b) as permitting the wearing of police uniforms by reserve peace officers, while they are working extra jobs as security guards, and does not believe that the legislature intended for that provision to be so construed." DPS Brief, *supra* note 4, at 3. Colonel Davis explains his views on the provision:

> Had the legislature intended the second interpretation, it could easily have used the word "police" when describing the kind of uniforms permitted. The statutory context is one in which licensees are being told that they cannot wear a "police" uniform, and then, by way of clarification, those who happen to work for a governmental body are told that it is acceptable for them to wear a uniform that has on it the name of the political subdivision: they are not told that they can wear a "police" uniform. Furthermore, the legislature expressly refers to "peace officers" and "reserve peace officers" when it exempts that class of individuals from the application of Chapter 1702 (in Section 1702.322), yet those terms are conspicuously absent in Section 1702.130. The latter section uses only the term "commissioned security officer."

> Had the legislature intended 1702.130's exception to the uniform prohibition to apply to peace officers who are also commissioned security officers, rather than only to those individuals who act as security guards for their political subdivisions, it could easily have used those terms. The absence of such terms, when they appear elsewhere in the statute, offers additional evidence that the

> legislature did not intend that 1702.130's exception to the uniform prohibition would apply to reserve peace officers while working extra jobs as security guards.

*Id.* at 2–3.

In our view, the DPS construction is reasonable. Moreover, section 311.023 of the Government Code, part of the Code Construction Act, declares that, "[i]n construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the . . . administrative construction of the statute." TEX. GOV'T CODE ANN. § 311.023(6) (Vernon 2005). *See State v. Pub. Util. Comm'n*, 883 S.W.2d 190, 196 (Tex. 1994) ("the contemporaneous construction of a statute by the administrative agency charged with its enforcement is entitled to great weight"); *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993) ("Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute.") (citing *Stanford v. Butler*, 181 S.W.2d 269, 273 (Tex. 1944)).

In our view, the construction placed upon subsection 1702.130(b) of the Occupations Code by the agency charged with its implementation, together with the repeal of the Board rule that eliminated the safeguards inherent in a contrary construction of that statute, lead us to conclude that a reserve peace officer who is employed by a sheriff, constable, a navigation district, or a municipal police department may not wear his official uniform and display the insignia of an official law enforcement agency while working as a private security officer licensed by the Board.

### S U M M A R Y

A reserve peace officer who is employed by a sheriff, constable, a navigation district, or a municipal police department may not wear his official uniform and display the insignia of an official law enforcement agency while working as a private security officer licensed by the Texas Private Security Board.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee