ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 17, 2011

Mr. Thomas M. Suehs
Executive Commissioner
Texas Health and Human Services Commission
4900 North Lamar
Austin, Texas 78751

Opinion No. GA-0845

Re: Whether the Health and Human Services Commission may adopt a definition of the term "affiliate" for purposes of section 32.0248 of the Human Resources Code (RQ-0903-GA)

Dear Mr. Suehs:

Section 32.0248 of the Human Resources Code requires the Health and Human Services Commission ("HHSC") to establish a "five-year demonstration project through the medical assistance program to expand access to preventative health and family planning services for women." TEX. HUM. RES. CODE ANN. § 32.0248(a) (West Supp. 2010). Subsection 32.0248(h) limits HHSC's authority to contract with affiliates of entities that perform or promote abortions. *See id.* § 32.0248(h). You ask about HHSC's authority to adopt a specific definition of the term "affiliate" for purposes of subsection 32.0248(h).[1]

Assuming that subsection 32.0248(h) is constitutional,[2] we consider your question. We note that you do not indicate that the proposed language has been put forward as a formal proposed agency rule in accordance with the Texas Administrative Procedure Act. *See* Request Letter at 2; *see also* TEX. GOV'T CODE ANN. §§ 2001.002 (West 2008) (entitling chapter "Administrative Procedure Act"), 2001.023(a)–(b) (requiring notice of proposed rule to be published in Texas

---

[1]*See* Request Letter at 1; *see also* Tex. Att'y Gen. Op. No. GA-0844 (2011) (describing demonstration project within state's Medicaid program).

[2]You appear to question HHSC's authority because of a concern that subsection 32.0248(h) may be constitutionally infirm. *See* Request Letter at 2 (stating that the "distribution of funds to affiliates of elective abortion providers has been the subject of litigation in Texas and elsewhere"). In Opinion GA-0844, we conclude that section 32.0248(h) is likely not preempted by federal Medicaid laws and regulations, and do not address other potential constitutional infirmities. *See* Tex. Att'y Gen. Op. No. GA-0844 (2011) at 3 (observing that "other constitutional issues may raise fact questions, which cannot be resolved in an attorney general opinion"). Because an agency rule must be consistent with its statutory authority, should subsection 32.0248(h) be found to be unconstitutional, it would not serve as authority for HHSC to define the term "affiliate." *See Gerst v. Oak Cliff Savs. & Loan Ass'n,* 432 S.W.2d 702, 706 (Tex. 1968) ("In exercising the powers and the broad authority granted by the Legislature, the only requirement is that [the agency's] rules and regulations must be consistent with the Constitution and Statutes of this State.").

Register). Instead, it appears that you propose some language solely for the purpose of seeking our opinion.[3] We will advise you only generally.

"An administrative agency 'has only those powers that the Legislature expressly confers upon it' and 'any implied powers that are reasonably necessary to carry out the express responsibilities given to it by the Legislature.'" *SWEPI LP v. R.R. Comm'n*, 314 S.W.3d 253, 259 (Tex. App.—Austin 2010, pet. filed) (quoting *Pub. Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315 (Tex. 2001)). Chapter 32 of the Human Resources Code does not grant HHSC express authority to adopt rules in connection to the project. *See generally* TEX. HUM. RES. CODE ANN. §§ 32.001–.257 (West 2001 & Supp. 2010). However, chapter 32 does grant HHSC express authority to adopt rules necessary for the proper and efficient operation of the medical assistance program, of which the five-year demonstration project is a part. *Id.* §§ 32.021(c), .021(a) (West Supp. 2010) (designating HHSC as agency to administer the medical assistance program provided in chapter 32). Under its authority to adopt rules to implement the medical assistance program in chapter 32, we believe HHSC has authority to define by rule terms necessary for it to comply with restrictions in subsection 32.0248(h) contained therein. *See* Tex. Att'y Gen. Op. No. GA-0708 (2009) at 7 (concluding that the Edwards Aquifer Authority, under its authority to enforce its enabling act and to promulgate rules necessary to implement the act, had authority to "include its interpretation of undefined terms in its rules as necessary to implement the Act").

"An agency may adopt only such rules as are authorized by and consistent with its statutory authority." *Pruett v. Harris Cnty. Bail Bond Bd.*, 249 S.W.3d 447, 452 (Tex. 2008). A rule may not impose additional burdens, conditions, or restrictions that are inconsistent with the statutory provisions. *See Cummins v. Travis Cnty. Water Control & Improvement Dist. No. 17*, 175 S.W.3d 34, 57 (Tex. App.—Austin 2005, pet. denied). In deciding whether an agency has exceeded its rule-making powers, the determinative factor is whether the rule's provisions are "in harmony with the general objectives of the Act involved." *Gerst*, 432 S.W.2d at 706. And "[t]ypically construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute." *Tex. Bankers Ass'n v. Ass'n of Cmty. Orgs. for Reform Now (ACORN)*, 303 S.W.3d 404, 408 (Tex. App.—Austin 2010, pet. filed) (quoting *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993)). With these principles, and advising you only generally, we can advise you that HHSC does have the authority to adopt by rule a definition of "affiliate" that is consistent with subsection 32.0248(h) and that does not impose additional burdens, conditions, or restrictions.

---

[3]You tell us that HHSC is "considering proposing administrative rules that define the term 'affiliate'" and seek our opinion of potential proposed language before you do so. Request Letter at 2.

## S U M M A R Y

The Health and Human Services Commission does have authority to adopt by rule a definition of "affiliate" that is consistent with subsection 32.0248(h), Texas Human Resources Code, and that does not impose additional burdens, conditions, or restrictions.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee