

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 4, 2006

The Honorable Florence Shapiro
Chair, Committee on Education
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

The Honorable Mike Jackson
Chair, Committee on Nominations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

The Honorable Burt R. Solomons
Chair, Committee on Financial Institutions
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0487

Re: Meaning of Occupations Code requirement
that a chiropractic license applicant complete
90 semester hours of college courses at a school
other than a chiropractic school; scope of
Board of Chiropractic Examiners' rule-making
authority (RQ-0494-GA)

Dear Senator Shapiro, Senator Jackson, and Representative Solomons:

The Occupations Code requires an applicant for chiropractic licensing by examination to
have "completed 90 semester hours of college courses at a school other than a chiropractic school."
TEX. OCC. CODE ANN. § 201.302(a)(3) (Vernon Supp. 2006). In separate requests, you ask about
the meaning of this statutory requirement and the authority of the Board of Chiropractic Examiners
(the "Board") to vary or clarify the statute.[1]

We are informed that some institutions of higher education offer a chiropractic doctoral
degree program as well as bachelor degree programs in fields of study other than chiropractic. *See*
Shapiro and Jackson Request Letter, *supra* note 1, at 1. The institutions are accredited by the

---

[1]*See* Letter from Honorable Florence Shapiro, Chair, Senate Committee on Education, and Honorable Mike
Jackson, Chair, Senate Committee on Nominations, to Honorable Greg Abbott, Attorney General of Texas (June 27,
2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Shapiro and
Jackson Request Letter]; Letter from Honorable Burt R. Solomons, Chair, Committee on Financial Institutions, Texas
House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (May 23, 2006) (on file with the
Opinion Committee, *also available at* http://www.oag.state.tx.us.) [hereinafter Solomons Request Letter].

Southern Association of Colleges and Schools ("SACS"). *See* Solomons Request Letter, *supra* note 1, at 1–2. The Council on Chiropractic Education ("CCE") accredits the institutions' chiropractic doctoral programs but not their non-chiropractic programs. *See* Shapiro and Jackson Request Letter, *supra* note 1, at 1. The CCE requires a student to complete 90 hours of undergraduate study prior to admission to a chiropractic doctoral program. *See* Solomons Request Letter, *supra* note 1, at 1. The CCE's standards would not prohibit a student from completing the undergraduate study requirements and the chiropractic doctoral program at the same institution, provided the institution is accredited by a nationally recognized accrediting organization such as SACS. *Id.* at 1–2.

Recently, three graduates of the Texas Chiropractic College applied to the Board for chiropractic licenses. *See* Solomons Request Letter, *supra* note 1, at 1. The Board denied their applications in part for failure to comply with section 201.302(a)(3), which requires that an applicant complete "90 semester hours of college courses at a school other than a chiropractic school." *Id.* at 1–2; TEX. OCC. CODE ANN. § 201.302(a)(3) (Vernon Supp. 2006). We gather that these applicants obtained some or all of their 90 semester hours at Texas Chiropractic College or another institution that also offers a chiropractic doctoral degree program. The Board has informed us of its understanding that section 201.302(a)(3) "appears to be unambiguous and to prohibit the Board from accepting college courses taken at a chiropractic school toward the [90] required semester hours" of college credit.[2] And because of its understanding of section 201.302(a)(3) as an unambiguous prohibition, the Board asserts that it is powerless to promulgate a rule that would allow an applicant to obtain any of the required 90 semester hours of college courses at a "chiropractic school." *See* TBCE Brief, *supra* note 2, at 5. All of your questions relate to the Board's interpretation of section 201.302(a)(3). *See* Shapiro and Jackson Request Letter, *supra* note 1, at 2; Solomons Request Letter, *supra* note 1, at 2–3.

The Board's construction necessarily assumes that section 201.302 unambiguously equates a "chiropractic school" with any institution that offers a chiropractic degree program, regardless of any other non-chiropractic courses and degrees it may offer. We disagree with that assumption and with the Board's understanding of the statute, particularly with regard to the Board's rule-making authority. Section 201.302(a) provides in pertinent part:

> An applicant for a license by examination must present satisfactory evidence to the board that the applicant:
>
> . . . ;
>
> (3) has completed 90 semester hours of college courses at a school other than a chiropractic school; and

---

[2]*See* Brief from Honorable Glenn Parker, Executive Director, Texas Board of Chiropractic Examiners, to Honorable Greg Abbott, Attorney General of Texas, at 3–4 (June 30, 2006) (on file with the Opinion Committee) [hereinafter TBCE Brief].

>  (4) is either a graduate or a final semester student of a bona fide
reputable chiropractic school.

TEX. OCC. CODE ANN. § 201.302(a) (Vernon Supp. 2006). By its terms the language of this subsection contemplates a distinction between a "chiropractic school" and a "school other than a chiropractic school." But the nature of that distinction hinges on what is meant by "chiropractic school."

Chapter 201 does not define "school," "chiropractic school," or "school other than a chiropractic school." For undefined statutory terms, we look to their common meaning. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). But even limited to the context of higher education, the word "school" may have more than one meaning—for example, it may mean an institution of higher education as a whole, such as a college or university, or it may mean a department, faculty, or institution that provides specialized education and that is a part of a larger institution of higher education.[3] Thus, consideration of the common meanings of the word "school" does not fully resolve the meaning of the term "chiropractic school" in subsection 201.302(a)(3). When an institution offers both chiropractic and non-chiropractic degree programs, "chiropractic school" could refer to the institution as a whole or to the chiropractic department or other subdivision within the larger institution.

A statute's terms and phrases must not be construed in isolation, but instead a statute must be considered as a whole. *See id.*; *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). But here, consideration of the phrase "school other than a chiropractic school" in the context of the statute as a whole does not clarify its meaning. The phrase is repeated in subsection (d) of section 201.302:

>  Notwithstanding Subsection (a)(3), if the Council on Chiropractic Education or another national chiropractic education accreditation organization recognized by the board requires a number of semester hours of college courses at a school other than a chiropractic school that is greater or less than the number of hours specified by that subsection to qualify for admission to a chiropractic school, the board may adopt the requirement of that organization if the board determines that requirement to be appropriate.

TEX. OCC. CODE ANN. § 201.302(d) (Vernon Supp. 2006). From the express reference to subsection (a)(3), the phrase "school other than a chiropractic school" must be given the same meaning in

---

[3]*See, e.g.*, THE NEW OXFORD AMERICAN DICTIONARY 1525 (2001) (definitions of "school" include " any institution at which instruction is given in a particular discipline . . . another term for **UNIVERSITY** . . . a department or faculty of a university concerned with a particular subject of study); WEBSTER'S THIRD NEW INT'L DICTIONARY 2031 (3d ed. 2002) (definitions of "school" include: "an organized source of education or training: as . . . (2) an institution for specialized higher education usu. within a university <the ~ of medicine at the state university> (3) COLLEGE, UNIVERSITY").

subdivision (d) that it has in subdivision (a)(3). *Id.* Beyond that, however, subsection (d) does not dictate the phrase's precise meaning.[4]

We also may consider a term or phrase's use in a related statute to determine if it reveals the term or phrase's meaning. *See Duvall v. Tex. Dep't of Human Servs.*, 82 S.W.3d 474, 480 (Tex. App.—Austin 2002, no pet.) (holding that "[a]bsent language indicating a contrary intent, a word or phrase used in different parts of a statute is presumed to have the same meaning throughout"). Section 201.303(d) lists standards required of a "bona fide reputable chiropractic school."[5] The statute does not define "chiropractic school," however, and its standards could apply equally well to an institution that offers both chiropractic and non-chiropractic programs or to a department within such an institution.

Thus, neither context nor the common meaning of the words used in section 201.302(a)(3) give certain meaning to the term "chiropractic school" or the phrase "school other than a chiropractic school." In section 201.302, the term "chiropractic school" may reasonably be construed as a chiropractic department or comparable division within an institution that offers both chiropractic and non-chiropractic courses and degree programs. In that instance, the department or division providing the chiropractic degree program would be the "chiropractic school," but not the larger institution

---

[4]We note that the CCE requires an applicant to a doctor of chiropractic program to obtain 90 hours of pre-chiropractic education from an accredited institution, but does not require that institution to be separate from the institution offering a doctor of chiropractic program. *See* THE COUNCIL ON CHIROPRACTIC EDUCATION, STANDARDS FOR DOCTOR OF CHIROPRACTIC PROGRAMS AND REQUIREMENTS FOR INSTITUTIONAL STATUS, at 22 (Jan. 2006) [hereinafter CCE Standards], *available at* http://www.cce-usa.org/2006%20January%20STANDARDS.pdf (last visited Nov. 27, 2006).

[5]Section 201.303(d) provides:

> A bona fide reputable chiropractic school that satisfies Section 201.302(a)(4) is one that:
>
> (1) has entrance requirements and a course of instruction as high as those of a better class of chiropractic schools in the United States;
>
> (2) maintains a resident course of instruction equivalent to:
>
> (A) not less than four terms of eight months each; or
>
> (B) not less than the number of semester hours required by The University of Texas for a bachelor of arts or bachelor of science degree;
>
> (3) provides a course of instruction in the fundamental subjects listed in Section 201.305(b); and
>
> (4) has the necessary teaching staff and facilities for proper instruction in all of the fundamental subjects listed in Section 201.305(b).

TEX. OCC. CODE ANN. § 201.303(d) (Vernon Supp. 2006).

itself. If so construed, section 201.302(a)(3) would require an applicant to complete pre-chiropractic courses at a "school other than a chiropractic school," both of which may (or may not) coexist in the same institution of higher education. Accordingly, we conclude that section 201.302(a)(3) of the Occupations Code does not unambiguously require a construction that precludes an applicant from obtaining the required college credit from an institution that offers chiropractic and non-chiropractic degree programs.

Chapter 201 does not detail the requirements of a "school other than a chiropractic school," beyond requiring that the courses be from a college or university whose credits are "accepted by The University of Texas at Austin for a bachelor of arts or bachelor of science degree." *See* TEX. OCC. CODE ANN. § 201.303(a) (Vernon Supp. 2006). Instead, the legislature has given the Board broad rule-making powers to enforce chapter 201, particularly with reference to licensing. *Id.* § 201.152(a)(2) (giving the Board rule-making authority "relating to the . . . board's examination of an applicant for a license to practice chiropractic"), (b) (providing that the "board shall adopt rules for the enforcement of this chapter") (Vernon Supp. 2006). A court has recognized the Board's authority to determine the meaning of the statutory phrase "bona fide reputable chiropractic school" in the predecessor to chapter 201 of the Occupations Code. *See Madden v. Tex. Bd. of Chiropractic Exam'rs*, 663 S.W.2d 622, 626 (Tex. App.—Austin 1983, writ ref'd n.r.e.).[6] We believe the Board has the authority to likewise clarify by rule what constitutes a "chiropractic school" and a "school other than a chiropractic school," provided the Board does so consistently with the provisions of chapter 201. And because the Board is the agency charged with implementing chapter 201 and possesses expertise in the area of chiropractic education, we believe it is premature to address your remaining questions. *See State v. Pub. Util. Comm'n*, 883 S.W.2d 190, 197 (Tex. 1994) (the legislature intends to give an agency created to centralize expertise in a certain regulatory area a "large degree of latitude in the methods it uses to accomplish its regulatory function"); *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993) ("[c]onstruction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute").

---

[6]We note that the Board has clarified by rule the meaning of a "bona fide reputable, chiropractic school" as that phrase appears in chapter 201. 22 TEX. ADMIN. CODE § 71.5 (2006) (Tex. Bd. of Chiropractic Exam'rs, Applications and Applicants). The rule provides that a "bona fide reputable, chiropractic school . . . is a *school* which is accredited by the [CCE]." *Id.* (emphasis added). The CCE, however, accredits doctor of chiropractic *programs* that are offered by certain institutions but generally does not accredit institutions offering such programs unless they are a single-purpose chiropractic institution. *See* CCE Standards, *supra* note 4, at 1. Thus, by equating "bona fide reputable, chiropractic school" with a school accredited by the CCE, rule 71.5 appears to be in tension with the Board's statement of its understanding of the meaning of Texas Occupations Code section 201.302(a)(3). *See* TEX. OCC. CODE ANN. § 201.302(a)(3) (Vernon Supp. 2006).

### S U M M A R Y

Section 201.302(a)(3) of the Occupations Code requires a chiropractic license applicant to obtain 90 semester hours of college credit from a "school other than a chiropractic school." The statute does not, however, unambiguously preclude such an applicant from obtaining the required college credit from an institution of higher education that offers a chiropractic degree program along with non-chiropractic programs. The Board of Chiropractic Examiners possesses rule-making authority to determine what constitutes a "school other than a chiropractic school."

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee