

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 18, 2006

The Honorable Eddie Lucio, Jr.
Chair, Committee on International Relations
   and Trade
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0458

Re: Whether the Texas Lottery Commission may issue a group license under Texas Occupations Code chapter 2001, the Bingo Enabling Act (RQ-0450-GA)

Dear Senator Lucio:

You ask whether the Texas Lottery Commission may issue a group license under Texas Occupations Code chapter 2001, the Bingo Enabling Act.[1]

As background to your questions, Occupations Code chapter 2001, the Bingo Enabling Act, requires a manufacturer or distributor of bingo equipment or supplies to apply for a license from the Texas Lottery Commission before the manufacturer or distributor can operate in Texas. *See* TEX. OCC. CODE ANN. §§ 2001.201 ("Manufacturer's License Required"), 2001.206 ("Distributor's License Required") (Vernon 2004); *see generally id.* §§ 2001.001–.657 (Vernon 2004 & Supp. 2006). Both "distributor" and "manufacturer" are defined in the act as a type of "person." *Id.* § 2001.002(9), (16) (Vernon 2004). And the act defines "person" as an "individual, partnership, corporation, *or other group.*" *Id.* § 2001.002(20) (emphasis added). It is the phrase "or other group" that gives rise to your questions. *See* Request Letter, *supra* note 1, at 1.

You understand the definition of "person" in section 2001.002(20) to "describe[] the different forms of entity that may qualify as a person for a single license." *Id.* You give as an example a limited liability company, which "is not specifically mentioned, yet it could be another form of a group just as is a corporation or partnership." *Id.* But, you inform us, you cannot find a place in the Bingo Enabling Act "that would otherwise make a provision for a group (multiple legal entities) license." *Id.* Thus, you first ask if section "2001.002(20) provide[s] for a separate category of group licensing?" *Id.*

This exact question has been posed to the Texas Lottery Commission.[2] The commission is authorized to issue advisory opinions "regarding compliance with [the Bingo Enabling Act] and the

---

[1]*See* Letter from Honorable Eddie Lucio, Jr., Chair, Committee on International Relations and Trade, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Feb. 15, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Texas Lottery Commission Request for Bingo Advisory Opinion RQ 2006-0113-0007 by Steve Hieronymus, *available at* http://www.txlottery.org/bingo/bingoviewOpinionRequest.cfm?RequestID=64 ("Does [section] 2001.002(20) provide for a separate category of licensing, specifically a group license?") (last visited Sept. 8, 2006).

rules of the commission," TEX. OCC. CODE ANN. § 2001.059(a) (Vernon 2004), and under that authority the commission answered this question, writing that the commission has used "a broad definition of 'group' since 1995 when it processed its first two applications for licenses from groups other than partnerships or corporations."[3]   That is, the Texas Lottery Commission understands "group" to mean "any number of entities (members) considered as a unit."[4]   As an example, the commission informs us that in its "Instructions for Texas Application for a License to Manufacture Bingo Supplies, Devices and Equipment" it specifically defines "group" as "two or more separate legal entities that operate in alliance to manufacture bingo supplies, devices, or equipment."[5]

In the event that a state administrative agency has construed a statute that it is charged with enforcing, as in the instant case, we will accept that construction, so long as the construction is reasonable and does not contradict the statute's plain language.  *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993); Tex. Att'y Gen. Op. No. GA-0233 (2004) at 4.  Again, we note that the Texas Lottery Commission has construed this particular aspect of the Bingo Enabling Act under its authority to issue advisory opinions.  We have also reviewed the Bingo Enabling Act and have found that it does not define "group"; neither does it contain a provision that conflicts with the Texas Lottery Commission's construction.  *See* TEX. OCC. CODE ANN. §§ 2001.001–.657 (Vernon 2004 & Supp. 2006).  And so we defer to the commission's construction because it is reasonable and does not contradict the statute's plain language.  Section 2001.002(20)'s use of "group" in the definition of "person" contemplates multiple legal entities.  Thus, in answer to your first question, the Bingo Enabling Act permits the Texas Lottery Commission to issue a manufacturer's or distributor's license to a group that is composed of multiple legal entities—a group license.

You next ask, contingent on the conclusion that the Bingo Enabling Act authorizes a group license, whether "all the various entities contained in or part of the licensed group have to be under the *same* ownership and control?" Request Letter, *supra* note 1, at 2.  That is, you ask "whether [the] group license must all be under the same ownership (wholly owned and controlled)?"  *Id.*  Again, this exact question has been asked[6] of the Texas Lottery Commission, which has answered it.[7]

The commission writes that "neither the Bingo Enabling Act nor the Charitable Bingo Administrative Rules directly address whether or not the members of a group must be under common

---

[3]Bingo Advisory Opinion No. BAO 2006-0113-0007, *available at* http://www.txlottery.org/bingo/ BingoListOpinion.cfm (answering RQ 2006-0113-0007) (last visited Sept. 8, 2006).

[4]*Id.*

[5]*Id.*; Texas Lottery Commission, Instructions for "Texas Application for a License to Manufacture Bingo Supplies, Devices and Equipment" (last revised Sept. 1999), *available at* http://www.txlottery.org/bingo/pdfs/1743-a.pdf (last visited Sept. 8, 2006).

[6]*See* Texas Lottery Commission Request for Bingo Advisory Opinion RQ 2006-0113-0007 by Steve Hieronymus, *available at* http://www.txlottery.org/bingo/bingoviewOpinionRequest.cfm?RequestID=64 (last visited Sept. 8, 2006).

[7]*See* Bingo Advisory Opinion No. BAO 2006-0113-0007, *available at* http://www.txlottery.org/bingo /BingListOpinion.cfm (last visited Sept. 8, 2006).

ownership and control."[8]  But the commission notes that "[p]revious applications submitted by groups and approved for a manufacturer's license have reflected some form or degree of common ownership, common officers, shareholders and/or management oversight."[9]

We also note, consistent with the commission's answer to this question, that in all cases, a group applicant must meet the eligibility requirements that a person must meet to minimally qualify for a distributor's license. *See* TEX. OCC. CODE ANN. § 2001.207 (Vernon 2004); *see also id.* § 2001.202 ("Eligibility for Manufacturer's License") (outlining in near-identical language the requirements a person must meet to minimally qualify for a manufacturer's license). The commission, moreover, advises that its "Charitable Bingo Operations Division reviews license applications submitted by groups on a case-by-case basis to determine whether the group complies with licensing requirements."[10]  And if there is not sufficient information for the commission to determine an applicant's eligibility, the Bingo Enabling Act authorizes the commission not "to take action on the application until the applicant provides the required information." *Id.* § 2001.213.

We find no conflict with the commission's reasonable construction of the Bingo Enabling Act here, and so we again defer to its construction. Thus, in answer to your second question, a person comprising a group of entities that applies for a manufacturer's or distributor's license must meet the eligibility requirements established by the act and commission rules, which do not necessarily require common ownership or control of the group.

---

[8]*Id.*

[9]*Id.*

[10]*Id.*

## S U M M A R Y

Occupations Code chapter 2001, The Bingo Enabling Act, permits the Texas Lottery Commission to issue a manufacturer's or distributor's license to a group that is composed of multiple legal entities. A person comprising a group of entities that applies for a manufacturer's or distributor's license must meet the eligibility requirements established by the act and commission rules, which do not necessarily require common ownership and control of the group.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee