Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion Issued July 20,
2006

 

 

 

 














 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00107-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NEIL ANDREW COOK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from County Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1261715

 

 



O P I N I O N

          A
jury convicted appellant, Neil Andrew Cook, of driving while intoxicated and
assessed punishment at 365 days in jail.[1]   On appeal, Cook
contends the trial court erred in admitting into evidence a tape of the 911
call made by a witness because (1) it violated the Confrontation Clause, and
(2) it was hearsay.  We follow the
precedent of the United States Supreme Court in Davis v. Washington[2] and therefore affirm.

Facts

In September 2004, while driving on
Barker-Cypress Road, Lonnie Gautreau observed Cook gesture obscenely and throw
a beer bottle at his truck.  Gautreau immediately
called 911 on his cell phone and told the operator that Cook was intoxicated.  Shortly thereafter, the police arrested Cook
for driving while intoxicated.

At Cook’s trial, the State offered an
audio taped recording of Gautreau’s 911 call, but Gautreau did not appear as a
witness.  Cook objected on confrontation
and hearsay grounds.  Deputy Cross, the
first responding officer, testified that when he questioned Gautreau not long
after the 911 call, Gautreau seemed very upset and he “spoke real fast.”  Traci Mullins, the audio records custodian for
the Harris County Sheriff’s Department, testified that Gautreau sounded
agitated during the 911 call.  The trial
court overruled Cook’s objections and allowed the tape into evidence.

Confrontation Clause

In his first issue, Cook contends the
admission of the 911 tape violates his Sixth Amendment right to confrontation
under Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004).  We review de novo the trial court’s ruling
that admission of the 911 tape did not violate Cook’s rights under the
Confrontation Clause.  See Lilly v.
Virginia, 527 U.S. 116, 137, 119 S. Ct. 1887, 1900 (1999) (stating that
courts should “independently review” whether out-of-court statements violate
the Confrontation Clause); Zamorano v. State, 84 S.W.3d 643, 648 (Tex. Crim. App.
2002); Davis v. State, 169 S.W.3d 660, 665 (Tex. App.—Austin 2005, no
pet.). 

In Crawford, the Supreme Court
held that testimonial witness statements are admissible only if the person who
gave the statement is unavailable, and the accused had a prior opportunity for
cross-examination.  Crawford, 541
U.S. at 68, 124 S. Ct. at 1374.  Though
it did not explicitly define the term, the Court delineated the parameters of “testimonial,”
applying it “at a minimum to prior testimony at a preliminary hearing, before a
grand jury, or at a former trial; and to police interrogations.”  Id.  Crawford thus holds that a “core class
of ‘testimonial’ statements” includes: (1) ex parte in-court testimony, (2)
affidavits, (3) depositions, (4) confessions, (5) custodial examinations, and
(6) statements made under circumstances that would lead an objective witness
reasonably to believe that the statement would be available for use at a later
trial.  Id. 51–52, 124 S. Ct. at
1374.  The issue in this case is whether
Gautreau’s 911 call falls within the class of statements defined as testimonial
under the last category.

Last month, the Court clarified the
scope of testimonial statements under Crawford in Davis v. Washington,
126 S. Ct. 2266 (2006).  There, the Court
held that a 911 tape of Davis’s girlfriend reporting that Davis had assaulted
her was not testimonial, and therefore its admission did not violate the
confrontation clause.  Id. at
2277.  In so doing, the Court clarified the
definition of “testimonial” for Confrontation Clause purposes:

Without attempting to produce an exhaustive
classification of all conceivable statements—or even all conceivable statements
in response to police interrogation—as either testimonial or nontestimonial, it
suffices to decide the present cases to hold as follows: Statements are
nontestimonial when made in the course of police interrogation under
circumstances objectively indicating that the primary purpose of the interrogation
is to enable police assistance to meet an ongoing emergency.  They are testimonial when the circumstances
objectively indicate that there is no such ongoing emergency, and that the
primary purpose of the interrogation is to establish or prove past events
potentially relevant to later criminal prosecution.

 

Id. at
2273–74.

 

Consistent with this holding, in
determining whether statements are testimonial, Texas courts generally have
looked to the degree of formality of a declarant’s interaction with police, the
purpose and structure of police questioning, and the likelihood that the
declarant expects that the statements could be used in a criminal prosecution.  See e.g., Spencer v. State, 162
S.W.3d 877, 882 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Statements made to police during contact
initiated by a witness at the beginning of an investigation are generally not considered
testimonial.  See id. at
883 (holding that initial police-victim interaction at crime scene was
non-testimonial); Tyler v. State, 167 S.W.3d 550, 555 (Tex. App.—Houston
[14th Dist.] 2005, pet. ref’d) (holding that victim’s explanation of what
transpired was non-testimonial because it merely aided start of investigation
and officer did not ask questions); Wilson v. State, 151 S.W.3d 694, 698
(Tex. App.—Fort Worth 2004, no pet.) (holding statements were non-testimonial
because there was no interrogation when witness initiated contact with police
and purpose of officers’ questions was not to elicit information about known
criminal activity).  Specifically, our sister
court has held that statements made during 911 calls are non-testimonial.  Ruth v. State, 167 S.W.3d 560, 569 (Tex.
App.—Houston [14th Dist.] 2005, no pet.) (stating “we see nothing in the record
suggesting that this call, in which a witness to a crime in progress at her
home summoned the police, deviates from the typical, non-testimonial 911 call”).  

Here, Gautreau placed a 911 call to
inform police of a potential crime in progress. 
The contact was initiated by the witness, it was informal, and it
occurred at the beginning of the investigation. 
Accordingly, we hold Gautreau’s statements made during the 911 call are
non-testimonial, and thus the trial court did not err in admitting the tape on
the ground that admission did not violate the Confrontation Clause.  Davis,126 S. Ct. at 2273-74.  We overrule Cook’s first issue.

Hearsay

          In
his second issue, Cook contends the admission of the 911 tape violates the
evidentiary bar against the admission of hearsay because it is not an excited
utterance.  See Tex. R. Evid. 803(2).  The admission of out-of-court statements is
reviewed for abuse of discretion, and the trial court’s decision will not be
reversed unless it falls outside the zone of reasonable disagreement.  Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 1990).

          Cook
contends the statements made to the 911 operator were not excited utterances
because Gautreau had time for reflection and deliberation before making the
statements.  An “excited utterance” is a
“statement relating to a startling event or condition made while the declarant [is]
under the stress of excitement caused by the event or condition.”  Tex. R.
Evid. 803(2).  While time can
certainly be a factor in determining an excited utterance, it is not
dispositive.  Zuliani, 97 S.W.3d
at 595–96.  Rather, the critical
consideration is “whether the declarant [is] still dominated by the emotions,
excitement, fear or pain of the event.” Id. at 596 (quoting McFarland
v. State, 845 S.W.2d 822, 846 (Tex. Crim. App. 1992)).

Here, Mullins testified that Gautreau
sounded agitated during the 911 call.  Because
she is a custodian of 911 records for the Sheriff’s Department, she has the
proper experience to determine the emotional state of the average caller,
including Gautreau.  Deputy Cross testified
that Gautreau was “very upset” and “spoke real fast.”  Deputy Cross saw Gautreau a few minutes after
Gautreau placed the call to the 911 operator. 
We hold that the trial court’s ruling that Gautreau’s statements were
excited utterances falls within the zone of reasonable disagreement, and therefore
was not an abuse of discretion.  Id. at
595.  We overrule Cook’s second issue.     

 

 

 

 

Conclusion

          We
hold that the statements made on the 911 tape (1) did not violate Crawford
because they were non-testimonial, and (2) were not inadmissible under the
Rules of Evidence as hearsay because they were excited utterances.  We affirm the judgment of the trial court.

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.

Publish.  Tex. R. App. P. 47.2(b).

 











[1] See Tex.
Pen. Code Ann. § 49.04 (Vernon 2003).





[2] Davis v. Washington, 126 S. Ct. 2266 (2006).