November 3, 2008

Dr. Michael D. McKinney, Chancellor
The Texas A&M University System
A&M System Building, Suite 2043
200 Technology Way
College Station, Texas 77845-3424

Opinion No. GA-0677

Re: Whether an individual who is both a retired state employee and an active state employee with a different state agency may receive two separate state contributions under the group benefits plans offered by the state (RQ-0712-GA)

Dear Dr. McKinney:

You ask whether an individual who is "both a retired state employee and an active state employee for a different state agency" may receive two separate state contributions under certain group benefits plans offered by the state.[1] Your first question relates to chapter 667 of the Government Code. Specifically, you question whether "an individual who is both a retired state employee and an active state employee for a different state agency [is] governed by the provisions of Chapter 667, *Texas Government Code*." Request Letter, *supra* note 1, at 1. Your second question is, if the individual "is qualified for participation eligibility in the Texas Employees Group Benefits Program both under Sections 1551.101 and 1551.102, *Texas Insurance Code*, [whether] that individual [is] entitled to receive the state contribution as an active employee as well as a retiree." *Id.* You tell us that the individual has been a retiree from the Texas A&M University System ("TAMUS") since 1999 and is currently an active employee with the Texas Department of Criminal Justice ("TDCJ"). *Id.* We will address your two questions in turn.

The purpose of chapter 667, Government Code, is to ensure that "a person who is *employed* by more than one state agency or institution of higher education may not receive benefits from the state that exceed the benefits provided for one full-time employee." TEX. GOV'T CODE ANN. § 667.001(b) (Vernon 2004) (emphasis added). The chapter applies only to "a person who is or may become employed by more than one state agency or institution of higher education." *Id.* § 667.001(a). Chapter 667 makes no reference to retired state employees. Its application appears to be limited to persons who have, or may in the future have, multiple *employments* with the state. Chapter 667 simply does not speak to the situation of an individual who is both a retired state

---

[1]Letter from Scott Kelly, Deputy General Counsel, Texas A&M University System, to Honorable Greg Abbott, Attorney General of Texas, at 1 (May 7, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

employee from one state agency or institution of higher education and, in addition, a current employee of another state agency or institution of higher education.

Your second question concerns the same individual's eligibility under two sections of chapter 1551 of the Insurance Code. A telephone conversation with the Deputy General Counsel for the Texas A&M University System reveals that you wish to know whether a person may receive separate state contributions from two of the state's group benefits programs under both chapter 1551 and 1601 of the Insurance Code.[2] We will first address the person's eligibility under chapter 1551 of the Insurance Code.

As an active employee of TDCJ, the individual in question is eligible to participate in the group benefits program ["GBP"] established by the Texas Employees Group Benefits Act, subchapter C, chapter 1551 of the Insurance Code. *See* TEX. INS. CODE ANN. § 1551.001 (Vernon 2008) ("This chapter may be cited as the Texas Employees Group Benefits Act."). "The administration and implementation of this chapter are vested solely in the board of trustees," defined as "the board of trustees established under Chapter 815, Government Code, to administer the Employees Retirement System of Texas." *Id.* §§ 1551.051, .003(4). The board of trustees is required to "use the amount appropriated for employer contributions . . . to fund the basic coverage." *Id.* § 1551.301. A person is eligible to participate in the GBP as an employee "if the individual receives compensation for service performed for this state pursuant to a payroll certified by a state agency, other than an institution of higher education, or by an elected or appointed officer of this state." *Id.* § 1551.101(b). Thus, the individual in question is entitled to receive the state contribution to his GBP as an active employee of TDCJ.[3]

You also tell us that the person of whom you inquire is retired from TAMUS. Request Letter, *supra* note 1, at 1. Chapter 1601 of the Insurance Code applies to certain state university systems. "System" is defined to mean "The University of Texas System or the Texas A&M University System." TEX. INS. CODE ANN. § 1601.003(7) (Vernon 2008). A person who retires from the Texas A&M University System "is eligible to participate . . . as a retired employee in the uniform program" if he meets the criteria of section 1601.102 of the Insurance Code. *Id.* § 1601.102(a)–(b), (f). The "uniform program" under chapter 1601 "means an employees insurance benefits program provided under this chapter." *Id.* § 1601.003(10). A person "who retires in a manner described by this section . . . is eligible to participate . . . as a retired employee in the uniform program." *Id.* § 1601.102(a). TAMUS, as a "system" under section 1601.207, is required to "contribute monthly to the cost of each participant's coverage provided under this chapter." *Id.* § 1601.207.

---

[2]Telephone Conversation with Scott Kelly, Deputy General Counsel, Texas A&M University System (Sept. 2, 2008) [hereinafter TC].

[3]Although your letter states that such individual is eligible to participate in the GBP under both sections 1551.101 and 1551.102, section 1551.102 is limited to participation by "annuitants," i.e., retirees. We have no information that would lead us to conclude that the individual is participating in the GBP administered by the Employees Retirement System as an annuitant. Rather, he is participating in the GBP as an active employee under section 1551.101.

We now reach the issue of whether the person of whom you inquire may receive separate contributions under both chapters 1551 and 1601. Section 1551.314 provides:

> A state contribution may not be made for coverages under this chapter selected by an individual who receives a state contribution, other than as a spouse, dependent, or beneficiary, for coverages under a group benefits program provided by an institution of higher education as defined by Section 61.003, Education Code.

*Id.* § 1551.314. This section thus precludes multiple state contributions for the GBP coverage provided by an "institution of higher education." Chapter 1551 specifically defines that term to *exclude* TAMUS. *See id.* § 1551.006(b) ("In this chapter, 'institution of higher education' does not include: . . . (2) an entity in The Texas A&M University System, as described by Subtitle D, Title 3, Education Code, including the Texas Veterinary Medical Diagnostic Laboratory."). But under section 1551.314, the term is modified to include express reference to the definition in section 61.003 of the Education Code. Section 61.003 defines the term to include TAMUS, so we must determine which definition is applicable: that of section 1551.006(b) of the Insurance Code *or* section 61.003 of the Education Code.

Section 1551.008 of the Insurance Code provides that "[t]he definition of a term defined by this subchapter . . . appl[ies] to this chapter unless a different meaning is plainly required by the context in which the term appears." *Id.* § 1551.008. In no other portion of chapter 1551 is the term "institution of higher education" coupled with section 61.003 of the Education Code. And, as we have noted, section 61.003 *includes* TAMUS within its definition of "institution of higher education.[4] Thus, in our view, "a different meaning is plainly required by the context in which the term appears." *Id.* As a result, the meaning of "institution of higher education" as used in section 1551.314 of the Insurance Code includes TAMUS. Consequently, an individual who receives a state contribution as an annuitant in the group benefits plan created by chapter 1601 of the Insurance Code may not receive a state contribution as a current employee under chapter 1551 of the Insurance Code.

On the other hand, the individual in question may elect to receive that state contribution either as a current employee from TDCJ or as an annuitant under TAMUS. Rules of the Employees Retirement System provide in relevant part: "A retiree who returns to work for a department may continue coverages for which he is eligible as a retiree, or . . . elect to participate in the [GBP] as a full-time or part-time employee." 34 TEX. ADMIN. CODE § 81.5(c)(7) (2008) (Employees Ret. Sys.

---

[4]An "institution of higher education" under section 61.003, Education Code, is "any public technical institute, public junior college, public senior college or university, medical or dental unit, public state college, *or other agency of higher education as defined in this section.*" TEX. EDUC. CODE ANN. § 61.003(8) (Vernon Supp. 2008) (emphasis added). A "university system" is "the association of one or more public senior colleges or universities, medical or dental units, or other agencies of higher education under the policy direction of a single governing board." *Id.* § 61.003(10). Thus, a "university system" constitutes an "other agency of higher education" as defined by the term "institution of higher education."

of Tex., Eligibility). The word "department" is defined to include both a state agency and an institution of higher education. *Id.* § 81.1(10). The word "retiree" includes a person who, as of August 31, 1992, was a participant in a GBP administered by an institution of higher education. *See id.* § 81.1(26)(B). Based upon the information provided to us, the individual under consideration here was participating in the GBP offered by TAMUS on August 31, 1992. Request Letter, *supra* note 1, at 1; TC, *supra* note 2. As the Texas Supreme Court has declared, the "[c]onstruction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute." *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 623 (Tex. 2007) (citing *Tarrant App. Dist. v. Moore*, 845 S.W.2d 820, 822 (Tex. 1993)).

We conclude that an individual who receives a state contribution as an annuitant under the group benefits plan created by chapter 1601 of the Insurance Code may not receive a state contribution as a current employee under chapter 1551 of the Insurance Code. On the other hand, that person may elect to receive his or her contribution either as an active employee or as an annuitant.

## S U M M A R Y

An individual who receives a state contribution as an annuitant under the group benefits plan created by chapter 1601 of the Insurance Code may not receive a state contribution as a current employee under chapter 1551 of the Insurance Code. On the other hand, that person may elect to receive his or her contribution either as an active employee or as an annuitant.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee