

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 6, 2013

Kyle L. Janek, M.D.
Executive Commissioner
Texas Health and Human Services
  Commission
Post Office Box 13247
Austin, Texas 78711

Opinion No. GA-1004

Re: Whether the Health and Human Services Commission is authorized to pay or, alternatively, an employee is required to pay interest on the amount paid to the Employees Retirement System to restore a reinstated employee's service credit when the employee has been reinstated as part of a grievance procedure (RQ-1098-GA)

Dear Dr. Janek:

You ask whether the Health and Human Services Commission ("HHSC") is authorized to pay or, alternatively, an employee is required to pay, interest on the amount paid to the Employees Retirement System ("ERS") to restore an employee's service credit when the employee has been reinstated as part of a grievance procedure.[1]

You state that an employee who had been discharged by HHSC recently filed a grievance claiming that the agency had wrongfully discharged the employee. HHSC Brief at 1. Following a hearing, an administrative law judge employed by HHSC ordered "that the employee's job be restored with back pay and full benefits." *Id.* Under such circumstances, you explain, HHSC attempts to establish the reinstated employee's service credit in the employee's ERS retirement account. *Id.* & n.2. To do so, HHSC pays the employer's contribution and tenders the employee's contribution to ERS in the same amounts that would have been paid had the employee not been wrongfully terminated.

---

[1]Letter & Brief from Kyle L. Janek, M.D., Exec. Comm'r, Health & Human Servs. Comm'n, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 7, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter" & "HHSC Brief").

You state: "HHS agencies reinstated an average of 25 employees each of the last two fiscal years. Employees were off the respective agencies' payrolls an average of six months. The ERS policy would require an average monthly interest payment of approximately $27.00 per reinstated employee." HHSC Brief at 2. The figures you provide indicate that compliance with the ERS policy would require payment of approximately $4,050 per year for the last two years. We note that HHSC retirement contributions in the most recent General Appropriations Act are estimated at $112,451,674 for fiscal year 2012 and $120,710,933 for 2013. General Appropriations Act, 82d Leg., R.S., ch. 1355, 2011 Tex. Gen. Laws 4025, 4232–33.

You state that you were informed by ERS, however, that it "requires payment of interest on the amount of money paid to restore service credit to a reinstated employee's ERS retirement account" under section 813.202 of the Government Code. *Id.* at 1. Section 813.202 provides for establishing membership service credit that has not been previously established. TEX. GOV'T CODE ANN. § 813.202 (West 2012). ERS asserts that section 813.202 governs "reinstatement service credit," which is ERS's terminology for service credit awarded retroactively to wrongfully terminated employees once they have been reinstated.[2] ERS contends that section 813.202 requires the payment of the employer's and employee's contributions for the period between the date of the employee's termination and the date of reinstatement, plus interest on those contributions, before ERS may award reinstatement service credit, i.e., credit that had not been previously established. ERS Brief at 8–9.

You note that chapter 813 expressly provides for interest on retirement system contributions to be paid in certain circumstances. HHSC Brief at 5–6 (citing TEX. GOV'T CODE ANN. §§ 813.102 (restoring canceled service), 813.202(b) (establishing service credit in a lump sum calculated under section 813.505), 813.302 (military service credit) (West 2012). You further note that no statutory provision expressly addresses whether state agencies must pay interest when establishing an employee's service credit that has not been previously established due to wrongful termination. HHSC Brief at 6. It is your position that "a state agency has no authority to pay interest nor can a reinstated state agency employee be required to pay interest in this situation." *Id.* at 2. You base that position on your conclusion that "ERS does not have authority to compel the payment of interest." *Id.* Thus, although you phrase your question in terms of HHSC's authority, the issue at the heart of your inquiry is whether ERS is authorized to require the payment of interest before it awards service credit to a wrongfully terminated employee.

ERS is responsible for administering the ERS trust fund established under article XVI, section 67 of the Texas Constitution. TEX. CONST. art. XVI, § 67(b)(2). "Financing of benefits [for the constitutional retirement system] must be based on sound actuarial principles" and the "assets of a system are held in trust for the benefit of members and may not be diverted." *Id.* § 67(a)(1). ERS has a duty to construe and administer the statutes governing the retirement system's benefit plan so that the plan "will be considered a qualified plan under Section 401(a) of the Internal Revenue Code of 1986 (26 U.S.C. Section 401)." TEX. GOV'T CODE ANN. § 815.507(a) (West 2012).

With respect to service credit not previously established, "any member may establish service credit in the retirement system for membership service not previously established." *Id.* § 813.202(a). When an employee wishes to establish such service credit, ERS is expressly required to "determine in each case the amount of money to be deposited by a member claiming

---

[2]*See* Brief from Tim N. Sims, Acting Gen. Counsel, Emp. Ret. Sys. of Tex. at 2 & n.2 (Dec. 17, 2012) (on file with Op. Comm.) ("ERS Brief").

credit . . . not previously established. The system may not provide benefits based on the claimed service until the determined amount has been fully paid." *Id.* § 813.101.

In determining the amount that must be paid to establish service credit for a wrongfully terminated employee, ERS construes sections 813.104–.202 of the Government Code as requiring the payment of interest before it can credit an employee for prior service. Although no statutory provision specifically addresses the wrongful termination context, ERS concludes that the obligation to collect interest applies in all situations in which previously unestablished service credit is sought. Indeed, every statutory provision addressing the establishment of previously unestablished employee service credit includes a requirement to pay interest or a comparable time-based payment to ERS. ERS argues that the purpose of the requirement is to compensate the plan for the time value of the delayed employer and employee contributions. ERS Brief at 8–9. Further, as the retirement system fund's trustee and fiduciary, ERS argues it must charge interest so as to (1) avoid unconstitutionally diverting trust funds; (2) adhere to the exclusive-benefit rule under Texas and federal law; and (3) not violate the federal prohibited-transaction rule which could risk the plan's tax-exempt status. *Id.* at 4–7.

When a state agency is charged with administering or enforcing a statute, Texas courts generally uphold that agency's interpretation of the statute, "so long as the construction is reasonable and does not contradict the plain language of the statute." *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993). In this case, ERS construes the Government Code to require that interest be paid before the agency can establish a retirement system service credit for an employee. ERS's construction of the statute comports with the Government Code's consistent recognition that interest or some other form of compensation must be paid before previously unestablished service credit may be recognized by ERS. Moreover, ERS's construction is a reasonable application of its statutory duty to "determine in each case the amount of money to be deposited by a member claiming credit . . . not previously established." TEX. GOV'T CODE ANN. § 813.101 (West 2012). Finally, ERS's construction of the statute does not conflict with any other statutory provisions. Thus, a court would likely conclude ERS has interpreted the statutes it is responsible for implementing within the bounds of its authority and in a manner that is neither unreasonable nor contrary to any statute. Accordingly, a court would also likely determine that ERS is authorized to require the payment of interest before service credit is established for an HHSC employee who has been reinstated after wrongful termination.

With respect to whether HHSC is authorized to make such an interest payment, an administrative agency such as HHSC possesses only those powers conferred by the Legislature. *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 316 (Tex. 2001). However, when the Legislature confers a power upon an agency, it also "impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties." *Id.* Moreover, as with ERS, HHSC's construction of its authorizing statutes is entitled to serious consideration, and will generally be upheld by the courts unless it is unreasonable or contrary to

statute. *See Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d at 823. Accordingly, it is for HHSC to determine, in the first instance, the manner in which it will pay interest to ERS to establish service credit for an employee who is reinstated after wrongful termination.[3]

---

[3]While it is HHSC's prerogative to examine and construe in the first instance the statutes it administers or is charged with implementing, we note that section 813.202(c) provides for the payment of the state's contribution and interest "from the fund or account from which the member receives compensation at the time the service is established." TEX. GOV'T CODE ANN. § 813.202(c) (West 2012).

## S U M M A R Y

A court would likely determine that ERS is authorized to require the payment of interest to establish service credit of an employee who has been reinstated after wrongful termination.

It is for the Health and Human Services Commission to determine, in the first instance, the manner in which it will pay interest to the Employees Retirement System to establish service credit for an employee who is reinstated after wrongful termination.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee