February 7, 2012

Mr. Douglas Oldmixon, Commissioner          Opinion No. GA-0911
Texas Appraiser Licensing and
    Certification Board                          Re: Jurisdiction of the Appraiser Licensing and
Post Office Box 12188                       Certification Board over a property tax appraiser's
Austin, Texas 78711                         uniform and equal analysis (RQ-0992-GA)

Dear Commissioner Oldmixon:

The Texas Constitution requires that taxation in Texas be uniform and equal. TEX. CONST. art. VIII, § 1. You explain that a real property owner who thinks his or her property's appraised value is higher than that of similar properties might commission a "uniform and equal" ("U&E") study to compare the property's appraised value with those of similar properties.[1] You note that the Texas Appraiser Licensing and Certification Board (the "Board") has received several complaints alleging that appraisers have conducted improper U&E studies. Request Letter at 2. However, you inform us that some people think the Board lacks statutory authority to handle those complaints. *Id.* Accordingly, you ask three questions about the Board's authority to regulate appraisers' U&E studies. *Id.* at 3.

Your first question is whether chapter 1103 of the Occupations Code grants the Board such authority. *Id.* This question is premised on the idea that, because chapter 1103 defines the term "appraisal" but does not define a term like "U&E studies," and because U&E studies might not be appraisals, chapter 1103 might not grant the Board authority to regulate U&E studies. *Id.* at 2. However, you suggest that, even if a U&E study is not an "appraisal" for purposes of chapter 1103, "it may still be within the Board's jurisdiction if that jurisdiction is broader than simply regulating the performance of *appraisals*." *Id.*

Indeed, chapter 1103 does not provide that the chapter regulates only *appraisals*. *See generally* TEX. OCC. CODE ANN. §§ 1103.001–.5545 (West 2004 & Supp. 2011). Instead, chapter 1103 provides that it regulates the licensing and certification of *appraisers*. *See, e.g., id.* §§ 1103.001 (West 2004) (providing that chapter 1103 "may be cited as the Texas Appraiser Licensing

---

[1]Letter from Douglas Oldmixon, Commissioner, Texas Appraiser Licensing and Certification Board, to Honorable Greg Abbott, Attorney General of Texas at 1 (Aug. 19, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

and Certification Act"), 1103.002 (West Supp. 2011) (explaining that the purpose of chapter 1103 is to "conform state law relating to the regulation of real estate appraisers to the requirements adopted under" federal law), 1103.201 (West Supp. 2011) ("A person may not perform an appraisal of real estate unless the person is licensed or certified as an appraiser under this chapter . . . .").

One of the ways chapter 1103 regulates the licensing and certification of appraisers is by requiring them to comply with the Uniform Standards of Professional Appraisal Practice ("USPAP"), a set of rules defining activities and processes like "appraisal consulting" and "appraisal review" that, you suggest, might include U&E studies. *See id.* §§ 1103.405(1) (West Supp. 2011) (requiring appraisers to comply with the USPAP), 1103.405(2) (requiring appraisers to comply with Board rules); Request Letter at 2 (noting that USPAP definitions might describe U&E studies).

You do not ask, and we do not opine on, whether a U&E study is a kind of appraisal or appraisal consulting or review. Request Letter at 3. *See also* Tex. Att'y Gen. Op. No. GA-0762 (2010) at 4 n.5 (explaining that opinions of this office are limited to the questions asked by authorized requestors). We do note, however, that chapter 1103 might require the Board to answer those kinds of questions in particular instances, subject to administrative and judicial review, and that a court would likely give the Board's answer serious consideration. *See* TEX. OCC. CODE ANN. §§ 1103.451–.5545 (West 2004 & Supp. 2011) (requiring the Board to review, investigate, and resolve complaints against appraisers; establishing an administrative hearing process; and imposing penalties for chapter 1103 violations). *See also Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993) ("Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute."). We also advise you that chapter 1103 does not grant the Board authority to regulate only *appraisals*; it grants the Board authority to regulate the licensing and certification of *appraisers*, people who might perform tasks described in chapter 1103, the USPAP, and Board rules.

Your second question is whether our answer to the first question "[w]ould . . . be different if (a) the appraiser included his or her appraiser number on a report or testified that he or she was an appraiser, or (b) the property owner hired the appraiser specifically *because*, and in reliance on the fact that, the person was an appraiser." Request Letter at 3. Part (a) of that question alludes to the chapter 1103 provision prohibiting a person from misleading the public about the person's legal ability to perform a certified or licensed "appraisal service." TEX. OCC. CODE ANN. § 1103.401(a)–(b) (West 2004). That provision limits who may perform an appraisal service, but does not itself limit the kinds of services a licensed or certified appraiser may perform. *Id.* Therefore, part (a) of your second question would not change our answer to the first. Nor would part (b) of your second question change our answer to your first: We do not rule out the possibility that, because of the extensive professional qualifications that chapter 1103 requires an appraiser to have, someone might hire an appraiser to perform many kinds of tasks—including, but not only, appraisals—that are related to the buying, selling, or holding of real estate. *See* Tex. Att'y Gen. Op. No. GA-0872 (2011) at 1 n.2 (declining to speculate about acts not discussed in a request letter).

Your third question is whether the Board has "authority to define its jurisdiction by rule in a way that would specifically include or exclude U&E" studies. Request Letter at 3. Chapter 1103 requires a person who holds a license, certification, or approval under the chapter to comply with Board rules that "are at least as stringent" as the USPAP. TEX. OCC. CODE ANN. § 1103.405(2) (West Supp. 2011). A Board rule purporting to reduce the number or strictness of USPAP requirements would be less stringent than the USPAP; a rule increasing them would be more stringent. XVI OXFORD ENGLISH DICTIONARY 926 (2d ed. 1989) (defining the word "stringent" to mean, "Of regulations, procedure, requirements, obligations, etc.: Rigorous, strict, thoroughgoing; rigorously binding or coercive."). *See also* TEX. GOV'T CODE ANN. § 311.011(a) (West 2005) (requiring that statutory words be read according to their common usage). Thus, if the USPAP regulates appraisers' U&E studies, Board rules could not free appraisers from such regulation, but if the USPAP does not regulate their U&E studies, Board rules could subject them to such regulation. *See Pub. Util. Comm'n of Tex. v. GTE-Southwest, Inc.*, 901 S.W.2d 401, 407 (Tex. 1995) ("An agency may exercise only those specific powers that the law confers upon it in clear and express language. As a general rule, the legislature impliedly intends that an agency should have whatever power is reasonably necessary to fulfill a function or perform a duty that the legislature has expressly placed in the agency.").

## S U M M A R Y

Chapter 1103 of the Texas Occupations Code regulates the licensing and certification of real estate appraisers. Chapter 1103 subjects appraisers to the Uniform Standards of Professional Appraisal Practice ("USPAP") and Texas Appraiser Licensing and Certification Board ("Board") rules. If the USPAP or Board rules regulate a particular task that appraisers might perform, chapter 1103 would require appraisers to comply with those regulations. Subject to administrative and judicial review, the Board may determine whether the USPAP or Board rules regulate particular tasks that appraisers might perform.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee